IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01935–EWN–BNB


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

OUTBACK STEAK HOUSE OF FLORIDA, INC., and
OS RESTAURANT PARTNERS, INC., d/b/a OUTBACK STEAKHOUSE,

      Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____


      This case involves a civil public enforcement action brought by the Equal Employment

Opportunity Commission ("EEOC") alleging that Defendants Outback Steakhouse of Florida, Inc.

and OS Restaurant Partners, Inc., d/b/a Outback Steakhouse have engaged in a pattern or practice

of discriminating against women by failing to hire and promote them and by discriminating against

them in their terms and conditions of employment.  This matter is before the court on

"Defendants' Motion to Dismiss Individual Claims of Plaintiff-Intervenor Kelly Altizer," filed

January 30, 2007.  Jurisdiction is premised upon the existence of a federal question under 28

U.S.C. § 1331 (2006)

**FACTUAL BACKGROUND**

I review only the facts and procedural history relevant to this motion.  Plaintiff-Intervenor Kelly Altizer has intervened in the instant public enforcement action filed by the EEOC against Defendants.  (*See* Mot. for Leave to Intervene as Party Pls. [filed Nov. 13, 2006] [hereinafter "Mot. to Intervene"]; Order [filed Nov. 14, 2006].)  She contends Defendants discriminated against based on her gender and retaliated against when she complained of  discrimination.  (*See* Mot. to Intervene.)  The following facts are taken from Altizer's amended complaint and the parties' various submissions related to this motion.  All facts are viewed in the light most favorable to Altizer.  I may properly consider documents outside the pleadings because — as discussed below — I convert Defendants' motion to dismiss into one for summary judgment.  (*See Analysis* § 1, *infra*.)

Altizer was employed by Outback Steakhouse ("Outback") from approximately April 2000 to February 5, 2004.  (Am. Compl. in Intervention and Jury Demand ¶¶ 19, 26 [filed Jan. 26, 2007] [hereinafter "Am. Compl."].)  On June 30, 2004, Altizer filed a Charge of Discrimination ("Charge") with the EEOC.  (*Id.* ¶ 4; Intervenor Altizer's Resp. to Defs.' Mot. to Dismiss Individual Claims of Pl.-Intervenor Kelly Alizer at 2 [filed Mar. 2, 2007] [hereinafter "Altizer Resp."].)  On August 12, 2005, Altizer filed a Voluntary Petition for Chapter 7 bankruptcy.  (Defs.' Mot. to Dismiss Individual Claims of Pl.-Intervenor Kelly Altizer, Ex. 1 [Petition] [filed Jan. 30, 2007] [hereinafter "Defs.' Br."].)  Item 4.a. of the "Statement of Financial Affairs," attached to Altizer's petition, asked the debtor to: "List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately

preceding the filing of this bankruptcy case." (*Id.*, Ex. 1 at 4 [Petition] [emphasis in original].)  In

response to Item 4.a., Altizer marked "none." (*Id.*)  Altizer declared under penalty of perjury that

her statement of financial affairs was true and correct to the best of her knowledge, information,

and belief.  (*Id.*, Ex. 1 at 6 [Petition].)

Altizer was represented by counsel in filing her bankruptcy petition and related papers.

(*Id.*, Ex. 2 [Disclosure of Compensation of Att'y for Debtor].)  Altizer admits that she reviewed

the final bankruptcy schedules and signed them, but claims that she did not understand that the

Charge should have been listed as an "administrative proceeding" on her financial statement.

(Altizer's Resp., Ex. 1 at 1 [Altizer's Decl.].)  Further, she explains that her bankruptcy attorney's

intake questionnaire only required her to disclose whether she had been involved in any "lawsuits"

in the prior year, to which she truthfully answered "no." (*Id.*, Ex. 1 at 1, 5 [Altizer's Decl.; Att'y

Questionnaire].)  Altizer's attorney did not ask whether she had a pending EEOC charge or any

other claim.  (*Id.*)

On September 28, 2005, the EEOC issued a determination that Defendants discriminated

against Altizer and a class of females.  (Am. Compl. ¶ 5.)  On November 23, 2005, the bankruptcy

court granted Debtor-Altizer a discharge.  (Defs.' Br., Ex. 3 [Discharge].)  On December 9, 2005,

the bankruptcy court issued an order accepting the trustee's (hereinafter "Trustee") report and

closing the bankruptcy case.  (*Id.*, Ex. 4 [Docket Report].)

Defendants filed the instant motion to dismiss Altizer's claims on January 30, 2007,

arguing Altizer is not the real party in interest and her failure to disclose the Charge in her

bankruptcy petition warrants application of the doctrine of judicial estoppel.  (Defs.' Br.)  On

March 2, 2007, Altizer responded to Defendants' motion, explaining that their filing alerted her that she should have listed the Charge on her bankruptcy petition. (Altizer's Resp. at 3, Ex. 1 at 1 [Altizer Decl.].) As a result, she claims to have immediately rehired her bankruptcy attorney to re-open the bankruptcy proceedings and amend her schedules. (*Id.*) On February 22, 2007, the bankruptcy judge granted Altizer's motion to reopen her bankruptcy case based upon her amended schedule, which included the Charge. (*Id.*, Ex. 2 [2/22/07 Bankr. Order]; Ex. 3 at 4 [Am. Schedule].) On March 27, 2007, Defendants replied in support of their motion. (Reply in Supp. of Defs.' Mot. to Dismiss Individual Claims of Pl.-Intervenor Kelly Altizer [filed Mar. 27, 2007] [hereinafter "Defs.' Reply"].) On April 13, 2007, Trustee filed a ratification document with this court stating that he: (1) understands that he, not Altizer, is the real party in interest to the instant action; (2) consents to the continuation of the action in Altizer's name and agrees to be bound by the outcome of the litigation; (3) seeks to obtain recovery on behalf of the creditors to Altizer's bankruptcy estate; and (4) would, upon order of this court, intervene in the action, although he would prefer for it to continue in Altizer's name. (Ratification of Bankr. Trustee [filed Apr. 13, 2007] [hereinafter "Ratification"].) This issue is fully briefed and ripe for review.

## ANALYSIS

### 1.   *Legal Standard*

Defendants move to dismiss Altizer's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. (Defs.' Br.) As will be seen below, Defendants' claims do not actually implicate jurisdictional concerns; thus I need not review the standard for dismissal

under Rule 12(b)(1).  Moreover, I find Defendants' Rule 12(b)(6) motion to dismiss must be

converted into a motion for summary judgment.  "A 12(b)(6) motion must be converted into a

motion for summary judgment if 'matters outside the pleadings are presented to and not excluded

by the court' and 'all parties . . . [are] given a reasonable opportunity to present all material made

pertinent to such a motion by [Federal Rule of Civil Procedure] 56.'"  *GFF Corp. v. Associated*

*Wholesale Grocers*, 130 F.2d 1381, 1384 (10th Cir. 1997) (quoting *Brown v. Zavaras*, 63 F.3d

967, 970 [10th Cir. 1995]).  In the case *sub judice*, Defendants and Altizer submitted substantial

numbers of documents outside the pleadings to support their arguments.  (*See, e.g.*, Defs.' Br.,

Ex. 1 [Altizer Bankr. Petition]; Altizer's Resp., Ex. 1 [Altizer Decl.].)  The facts are essentially

undisputed, and neither party has indicated that the court is prohibited from considering any

documents before it or claimed an insufficient opportunity to present all material pertinent to the

instant issue.  (*See* Defs.' Br.; Altizer's Resp.; Defs.' Reply.)  Consequently, I consider

Defendants' motion under the summary judgment standard.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant

summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)

(2007); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc.*

*v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  The moving party bears the

initial burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the

burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material

matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325).  The nonmoving

party may not rest solely on the allegations in the pleadings, but must instead designate "specific

facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P.

56(e) (2007).  A fact in dispute is "material" if it might affect the outcome of the suit under the

governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury

to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir.

1997) (citing *Anderson*, 477 U.S. at 248).  The court may consider only admissible evidence when

ruling on a summary judgment motion.  *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d

1467, 1474 (10th Cir. 1985).  The factual record and reasonable inferences therefrom are viewed

in the light most favorable to the party opposing summary judgment.  *Byers v. City of

Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

**2.      *Evaluation of Claims***

        Defendants argue this court lacks subject matter jurisdiction over Altizer's claims because

Trustee — not Altizer — is the real party in interest.  (Defs.' Br. at 5–7.)   Additionally,

Defendants urge that Altizer's claims are barred by the doctrine of judicial estoppel, because she

misrepresented to the bankruptcy court that she had no pending administrative proceedings.  (*Id.*

at 7–9.)  In response, Altizer concedes that she is not the real party in interest, but argues this

court must grant Trustee reasonable time to substitute himself as the real party in interest.

(Altizer's Resp. at 4.)  Altizer further contends that the judicial estoppel doctrine does not apply

because: (1) her failure to schedule the Charge was inadvertent; (2) she has amended her

bankruptcy schedules; (3) the doctrine is inapplicable to cases brought by the EEOC; and (4) the doctrine does not apply against Trustee.  (*Id.* at 5–10.)  I address each claim and defense below.

> a.     *Real Party In Interest*

Defendants allege this court lacks subject matter jurisdiction because Plaintiff — who is not the real party in interest — does not have standing to bring suit.  (Defs.' Br. at 5–7.)  Federal Rule of Civil Procedure 17(a) mandates that "[e]very action shall be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a) (2007).  As an initial matter, I note that whether Plaintiff is a real party in interest does not raise justiciability concerns.  *Fed. Deposits Ins. Corp. v. Bachman*, 894 F.2d 1233, 1236 (10th Cir. 1990).  Although, "standing jurisprudence is helpful by analogy in resolving real-party-in-interest issues, this does not convert real party in interest into a nonwaivable issue of subject matter jurisdiction."  *Id.*  Instead, prosecution by a party other than the real party in interest is subject to dismissal under Federal Rules of Civil Procedure 12(b)(6) and 56(c).  *Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 612 (9th Cir. 1997) (Rule 12[b][6]); *Wells Fargo Nw. Bank v. Varig–S.A.*, 108 F. App'x 6, 8 (2d Cir. 2004) (Rule 56[c]).  Accordingly, I consider the issue under Rule 56(c).  (*See Analysis* § 1, *supra*.)

Both parties agree that Trustee, not Altizer, is the real party in interest to this action. (Defs.' Br. at 5–7; Altizer's Resp. at 4.)  The filing of a bankruptcy petition creates a bankruptcy estate in which the trustee gains control over all "property of the estate," including "all legal or equitable interest of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a) (2006).  Claims and causes of action belonging to the debtor at the time of the filing of the bankruptcy petition are "property" of a bankruptcy estate.  *Sender v. Simon*, 84 F.3d

1299, 1305 (10th Cir. 1996). Absent abandonment, the trustee of the bankruptcy estate becomes the real party in interest under Federal Rule of Civil Procedure 17(a) and the only party with the authority to pursue such actions on the estate's behalf. *Riggs v. Aetna Life Ins. Co.*, 188 F. App'x 659, 663 (10th Cir. 2006). Because Altizer's claims against Defendants accrued prior to her filing for bankruptcy, Trustee is the real party in interest.

As Altizer points out, however, Rule 17(a) provides that "no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Fed. R. Civ. P. 17(a) (2007). Defendants urge that Trustee failed to seek ratification or substitution within a "reasonable time." (Defs.' Reply at 2–4.) I disagree. Defendants filed their motion to dismiss on January 30, 2007. (Defs.' Br.) Trustee filed his ratification on April 13, 2007. (Ratification.) I find that two and a half months is a reasonable time in which to seek ratification, considering that prior to Trustee's filing of his ratification document: (1) Altizer had to petition for reopening her bankruptcy case; (2) Trustee had to be reappointed to the case; and (3) Trustee had to review the claim and decide whether to pursue it.

The only case cited by Defendants supporting dismissal is *Minne v. Hinkhouse*, No. 05–cv–00325–WYD–PAC, 2006 U.S. Dist LEXIS 10097 (D. Colo. Feb. 24, 2006). (Defs.' Reply at 3.) In *Minne*, the district court dismissed the plaintiff's claims based on Rule 17(a) because, after over four months, the real party in interest had yet to seek ratification or substitution. *Id.*, 2006 U.S. Dist. LEXIS 10097, at *6. This case is clearly inapposite.

-8-

Trustee has sought ratification or, in the alternative, an order of intervention.  Because I find below that Altizer is judicially estopped from bringing her claims against Defendants, she may not continue this action in Trustee's name.  (*See Analysis* § 2b, *infra*.)  To keep Altizer's claims alive, Trustee must timely seek intervention or substitution as the real party in interest. Regardless, summary judgment based on Federal Rule of Civil Procedure 17(a) is not warranted at this time.

### b.      *Judicial Estoppel*

Defendants next argue that Plaintiff should be judicially estopped from asserting her discrimination claim in this court when she previously denied its existence to the bankruptcy court. (Defs.' Br. at 7–9.)  Judicial estoppel is an equitable doctrine preventing a party from taking a position in a legal proceeding that is contradictory to a position she successfully relied upon in a previous proceeding.  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  More specifically, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."  *Id.* (internal quotation marks omitted).  The doctrine is aimed at protecting the integrity of the judicial process by "prohibiting parties from deliberately changing positions according to the exigencies of the moment."  *Id.* at 750 (internal quotation marks omitted).

The Tenth Circuit recently adopted the principle of judicial estoppel and considered three factors in determining whether the doctrine applied to the case before it: (1) a party's later

position must be clearly inconsistent with its earlier position; (2) the party must have succeeded in persuading a court to accept the party's earlier position; and (3) the party must derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068–69 (10th Cir. 2005).  Altizer does not contest that each of these factors is satisfied in the instant case.  (*See* Altizer's Resp. at 4–10.)  Nonetheless, she argues the doctrine does not apply because: (1) her failure to list the Charge was inadvertent; (2) she has amended her bankruptcy schedules; (3) the doctrine is inapplicable to cases brought by the EEOC; and (4) the doctrine does not apply against Trustee.  (*Id.* at 5–10.)  I address each argument in turn.

### i.      Inadvertence

Plaintiff urges that because her failure to list the Charge on her petition was inadvertent, the good faith exception to the judicial estoppel doctrine applies.  (*Id.* at 7–9.)  Defendants acknowledge that such an exception exists, but argue that it does not apply because Altizer had knowledge of her claim against Defendants at the time she filed her petition and motive to conceal the claim.  (Defs.' Reply at 4–9.)

It is well established that "[t]he doctrine of judicial estoppel does not apply when the prior [inconsistent] position was taken because of a good faith mistake rather than as part of a scheme to mislead the court." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) (internal quotation marks omitted); *see New Hampshire*, 532 U.S. at 753 (recognizing that "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake").  Most courts have held that "failure to

disclose an asset may be considered an inadvertent mistake [only] when the debtor either lacks knowledge of the undisclosed asset or has no motive for its concealment." *Ford v. Gillman (In re Ford)*, 336 B.R. 813, 817 (Bankr. Fed. App. 2006); *see, e.g.*, *Barger v. City of Cartersville*, 348 F.3d 1289, 1294 (11th Cir. 2003); *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002); *Coastal Plains, Inc. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 210 (5th Cir. 1999). The Tenth Circuit recently explain in an unpublished opinion:

> [O]ur sister circuits, for what seem to us sound reasons, have not been overly receptive to debtors' attempts to recover on claims about which they "inadvertently or mistakenly" forgot to inform the bankruptcy court. Instead, courts addressing a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court have deemed such failure inadvertent or mistaken "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Where the debtor has both knowledge of the claims and motive to conceal them, courts routinely, albeit at times *sub silentio*, infer deliberate manipulation.

*Eastman v. Union Pac. R.R. Co.*, No. 05–8106, 2007 U.S. App. LEXIS 16032, at *14 (10th Cir. July 6, 2007) (internal citations and further internal quotation marks omitted).

Here, there is no question that Altizer knew of her claim prior to filing for bankruptcy. Similarly, she clearly had motive to conceal such claim — so that she, rather than her creditors, would reap the benefit of any financial gains from settlement or prosecution of the claim. Nonetheless, Altizer asks this court to disregard this motive based solely upon her affidavit stating she did not realize the Charge was an "administrative proceeding" within the meaning of the bankruptcy petition. (Altizer's Resp. at 5–7, Ex. 1 at 1 [Altizer Decl.].) This the court cannot do. As the Tenth Circuit has noted:

> The ever present motive to conceal legal claims and reap the financial rewards
> undoubtedly is why so many of the cases applying judicial estoppel involve
> debtors-turned plaintiffs who have failed to disclose such claims in bankruptcy.
> The doctrine of judicial estoppel serves to offset such motive, inducing debtors to
> be completely truthful in their bankruptcy disclosures.

*Eastman*, 2007 U.S. App. LEXIS 16032, at *20–21.  Without denigrating the seriousness of an

affidavit made under oath, for this court to find that an affidavit asserting good faith is sufficient,

standing on its own, to prove good faith would have the effect of greatly reducing the doctrine's

effectiveness in inducing truthful disclosures by debtors.

Moreover, there is some additional evidence that Altizer's failure to disclose her Charge

was intentional.  Altizer admits that she understood she had a duty to disclose involvement in any

lawsuits on her bankruptcy schedules.  (Altizer's Resp., Ex. 1 at 1 [Altizer Decl.].)  However,

when she learned that the EEOC was actually going to prosecute on her behalf, she did not

petition to reopen her bankruptcy petition and amend her schedule.  It was not until Defendants

filed their motion to dismiss that she took action to disclose.  (Altizer's Resp. at 3.)  Based on the

foregoing, I find that because Altizer knew of her claim at the time she filed for bankruptcy, had

motive to conceal the claim, failed to amend her petition in a timely manner, and presented no

evidence save her own sworn statement showing inadvertence, the good faith exception to the

judicial estoppel doctrine does not apply.

Additionally, I find that Altizer's insinuation that her bankruptcy attorney's alleged failure

to inform her of the necessity of scheduling the Charge is without merit.  (*See* Altizer's Resp. at

7.)  Altizer does not claim that she informed her attorney of the Charge or that her attorney

actually advised her that she did not have to list the Charge.  *Cf. Eubanks v. CBSK Fin. Group,*

*Inc.*, 385 F.3d 894, 895–96 (6th Cir. 1994) (finding that when debtor-plaintiff informed both trustee and counsel of his pending claim, his omission of the claim in his bankruptcy schedule was inadvertent).  In a nutshell, "[Altizer's] assertion that [she] simply did not know better and [her] attorney 'blew it' is insufficient to withstand application of the doctrine." *Eastman*, 2007 U.S. App. LEXIS, at *21.

      **ii.**    ***Amendment of Bankruptcy Schedule***

Altizer next argues that because she ultimately amended her bankruptcy schedule to include the Charge, the doctrine of judicial estoppel does not apply.  (Altizer's Resp. at 8.)  Altizer could not be more wrong.  A debtor's amendment of her bankruptcy schedule only *after* she faces a motion to dismiss based on her earlier failure to disclose does not save her from application of the doctrine.  Allowing a debtor to escape the application of judicial estoppel by

> amend[ing] [her] bankruptcy filings, only after [her] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if [she] is caught concealing them.  This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor[']s assets.

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002).

Altizer points to three cases in support of her contention that amending her bankruptcy schedules relieves her of the doctrine's application.  (Altizer's Resp. at 8.)  Plaintiff's citation to *In re Barger*, 279 B.R. 900 (Bankr. N.D. Ga. 2002) is the most puzzling.  (*Id.*)  In *In re Barger*, the bankruptcy court granted the debtor's motion to reopen her bankruptcy case after her adversary in a civil suit moved for summary judgment based on her failure to disclose the claim on her bankruptcy petition.  *Id.*  What Altizer fails to point out is that the Eleventh Circuit later found

this same plaintiff was judicially estopped from asserting the civil claims she failed to timely disclose on her bankruptcy petition. *Barger*, 348 F.3d at 1293–98. In fact, the court specifically found that the plaintiff's failure to reopen her bankruptcy case prior to the defendants moving for summary judgment against her on judicial estoppel grounds "hardly cast[] her in the good light she would like" and "deserve[d] no favor." *Id.* at 1297.

Next, Altizer cites *In re Daniel*, which also does nothing to serve her point, because it involves only a bankruptcy court's decision to permit reopening of the bankruptcy case after the debtor's untimely disclosure of a claim; it does not involve the application of judicial estoppel in the context of a debtor's civil suit. 205 B.R. 346 (Bankr. N.D. Ga. 1997). Finally, Altizer cites *Lample v. Smith*, in which a Colorado district court concluded that the question of whether judicial estoppel applied to the plaintiff's claims was moot. 169 B.R. 432, 435 (D. Colo. 1994). Altizer's cases are remarkably unpersuasive. That she sought to amend her bankruptcy filing only after Defendants moved to dismiss her claims simply does not militate against this court's application of judicial estoppel.

### iii. Civil Enforcement Actions by the EEOC

Altizer also contends that judicial estoppel is inapplicable to cases brought by the EEOC, "because it is the EEOC that decides to file the action and thus the Courts [sic] are loath to find that the plaintiff abused the judicial process 'where she was not the master of it.'" (Altizer's Resp. at 9–10 [quoting *EEOC v. Digital Connections, Inc.*, No. 3:05–0710, 2006 U.S. Dist. LEXIS 69529, at *3 (M.D. Tenn. Sept. 26, 2006)].) The cases cited by Altizer to support her position generally stand for the proposition that if a debtor fails to schedule an EEOC civil enforcement

-14-

suit to which the debtor is not a party, "[t]he [c]ourt will not stretch to hold [the plaintiff] abused the judicial process when she was not the master of it." *Digital Connections, Inc.*, 2006 U.S. Dist. LEXIS 69529, at *3; *EEOC v. Apria Healthcare Group*, 222 F.R.D. 608, 612–13 (D. Mo. 2004). Without accepting this proposition, I find the cases cited by Altizer poignantly inapposite. Unlike the debtor-plaintiffs in the cited cases, Altizer *is* a *party* to the instant civil suit. (*See* Order [filed Nov. 14, 2006].) She voluntarily filed to intervene as a party plaintiff and has her own attorney. (Mot. to Intervene.) Thus, she cannot take shelter behind the EEOC's civil enforcement action in seeking to avoid application of the doctrine of judicial estoppel. Based on the foregoing, I grant Defendants' motion for summary judgment on Altizer's claims, because she is judicially estopped from asserting said claims.

### iv.  *Judicial Estoppel as Applied to Trustee*

Finally, Altizer contends that even if she is judicially estopped from asserting her claim against Defendants, the doctrine does not apply against Trustee. (Altizer's Resp. at 10.) I agree. As Defendants point out, a recent Tenth Circuit decision found that the doctrine of judicial estoppel may not be applied against a trustee. (Defs.' Reply at 17–18 [citing *In re Riazuddin*, 363 B.R. 177, 188 (10th Cir. B.A.P. 2007)].) The Tenth Circuit reasoned that the debtor-plaintiff, who made inconsistent statements under oath in a prior proceeding, should bear the brunt of judicial estoppel, not the trustee. 363 B.R. at 187–88 (citing *Parker v. Wendy's Int'l, Inc.*, 365

F.3d 1268, 1272 n.3 [11th Cir. 2004]).  The trustee, as owner of the claim at the time the debtor

filed for bankruptcy, is not burdened by the debtor's post-petition misconduct.[1]  *Id.*

Apparently recognizing the binding nature of this decision, Defendants request that any

recovery by Altizer be limited to the amount owed to creditors and necessary to pay Trustee's

expenses.  (Defs.' Reply at 18.)  This approach was explicitly contemplated by the Eleventh

Circuit in *Parker*, a case cited by the Tenth Circuit as persuasive authority in *In re Riazuddin*.

363 B.R. at 188 (citing 365 F.3d at 1272 n.3.).  The *Parker* court explained:

> [I]n the unlikely scenario where the trustee would recover more than an amount
> that would satisfy all creditors and the costs and fees incurred, then, perhaps
> judicial estoppel could be invoked by the defendant to limit any recovery to only
> that amount and prevent an undeserved windfall from devolving on the non-
> disclosing debtor.

365 F.3d at 1273; *see also Autos, Inc. v. Gowin*, 330 B.R. 788, 796–97 (D. Kan. 2005)

(foregoing application of judicial estoppel and, instead, requiring the non-disclosing debtor to

"distribute any and all damages recovered in the adversary action among the creditors of her

estate, denying her a personal recovery").  I find the *Parker* court's reasoning persuasive and

adopt it here.  Trustee's potential recovery is to be capped at the level necessary to satisfy all

creditors and the costs and fees incurred by this litigation; Altizer is prohibited from personally

collecting monetary damages in the instant action.  This remedy "preclude[s] . . . [the debtor]

from profiting from her failure to disclose her claims to creditors, while permitting creditors to

---

[1] Further, it is the creditors of the estate, not the debtor, who are damaged when judicial
estoppel is applied against the trustee.

receive assets which application of judicial estoppel would deprive them of." *Autos, Inc.*, 330 B.R. at 797.

**3.     Conclusion**

Based on the foregoing it is therefore ORDERED that:

1.      Defendants' motion to dismiss (#28) is GRANTED;

2.      Dismissal of Altizer's claims shall be stayed for fourteen days from the date of this order to allow Trustee to file a motion for intervention or substitution as the real party in interest. Absent such a motion, the clerk shall forthwith enter judgment in favor of Defendants and against Altizer, dismissing her claims with prejudice. Defendants may then have their costs by filing a bill of costs within eleven days of the date on which the dismissal order is filed.

Dated this 27th day of August, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge