IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01935-EWN-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff(s),

KELLY ALTIZER, and
JENNIFER TURNER-RIEGER,

    Intervenor Plaintiff(s)

v.

OUTBACK STEAKHOUSE OF FLORIDA, INC.,
OS RESTAURANT PARTNERS, INC.,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court pursuant to Plaintiff's and Intervenor's Motion to Compel [Docket No. 104, Filed June 8, 2007] ("Motion to Compel").  Plaintiff and Intervenors seek to compel Defendants to respond to their identical Interrogatory No. 3.  The interrogatory asks Defendants to provide all formal and informal complaints from female employees regarding gender discrimination, sexual harassment, hostile work environment, and retaliation received by Defendants from 1997 to the present.  Plaintiff and Intervenors concede that the parties have not conferred regarding production of complaints relating to sexual harassment, hostile work environment, or retaliation, and Plaintiff and Intervenors do not seek an order compelling production of such complaints at this time.  Plaintiffs' Reply at 2-3 n.1 [Docket No. 175].  The only complaints at issue here are related to gender discrimination.

    Defendants object to the production of complaints of gender discrimination beyond those that are located at the corporate headquarters.  They allege that production would be unduly burdensome and that the interrogatory is overly broad.  The Court reserved this issue for ruling at the August 27, 2007 hearing [Docket No. 153] after completion of briefing by the parties.  However, the Court did rule that the scope of the interrogatory should be limited to January 1, 2001 to the present.  Defendant filed a response [Docket No. 159, Filed September 10, 2007], and Plaintiff and Intervenors filed a reply [Docket No.

175, Filed September 25, 2007].

This matter also comes before the Court pursuant to Plaintiff's Unopposed Motion to Amend Scheduling Order [Dkt #167] to Reschedule Preliminary Pretrial Conference [Docket No. 193, Filed October 23, 2007] ("Motion to Amend").

IT IS HEREBY **ORDERED** that the Motion to Compel production of complaints of gender discrimination is **GRANTED**. This case involves the allegation that Defendants engaged in a national pattern of gender discrimination against female employees. Plaintiff asserts that as part of Defendants' sex discrimination policy, complaints regarding gender discrimination may be made to any one of five employees within Defendants' organization: (1) a restaurant proprietor; (2) the joint-venture partner who oversees a region of restaurants; (3) the service technician for each region; (4) Ava Forney, a corporate-level employee; and (5) Joe Kadow, the vice president and general counsel. *See* Plaintiffs' Reply at 5 & Exhibits D, E [Docket No. 175]. However, to date, Defendants have produced only those complaints made to the corporate office, totaling twelve complaints. *See* Defendants' Response at 4, 7 [Docket No.159]; Plaintiffs' Reply at 5 [Docket No. 175].

Defendants argue that to produce complaints on a nationwide basis would be unduly burdensome, expensive, and would take over 4,600 hours to accomplish. However, Defendants have failed to substantiate their claim and offer no sworn affidavit or description of their record-keeping procedures to justify their conclusory allegation. The burden of showing that the requested discovery is objectionable falls on Defendants. This burden cannot be satisfied by merely asserting a boilerplate objection to the discovery without providing concrete substantiation. *See Klesch & Co. v. Liberty Media Corp*, 217 F.R.D. 517, 524 (D. Colo. 2003). Moreover, "[l]imitations on the discovery process necessarily conflict with 'the fundamental principle that the public . . . has a right to every man's evidence.'" *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004) (quoting *Trammel v. United States*, 445 U.S. 40, 50 (1980)). Because Defendants have not made a more compelling showing that the liberal discovery generally afforded by the Federal Rules of Civil Procedure should be limited here, Defendants are ordered to produce all complaints of gender discrimination, wherever located, responsive to Plaintiff's and Intervenor's Interrogatory No. 3 from January 1, 2001 to the present.

IT IS FURTHER **ORDERED** that the Motion to Amend is **GRANTED**. The Scheduling Order dated September 18, 2007 [Docket No. 167] is amended as follows. The preliminary Pretrial Conference scheduled for November 27, 2007 at 10:30 a.m. is **vacated** and **RESET** to **December 13, 2007 at 10:00 a.m.** in Courtroom **A-501,** Fifth Floor, of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294.

The parties shall submit their proposed preliminary pretrial order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures. The deadline for submission of the proposed preliminary pretrial order is on or before **December 6, 2007.**

The parties are directed to the Court's website www.cod.uscourts.gov (Judicial Officers' Procedures/Magistrate Judges) to review the procedures for preparing the preliminary pretrial order.  If the parties agree to **WAIVE** the preliminary pretrial conference, upon submission of the proposed pretrial order, they must call chambers (**303-844-4892**) to notify the Court.  Magistrate Judge Mix will review the proposed order and make a determination if the parties may indeed waive the conference, or if the parties still need to appear for a preliminary pretrial conference.

Dated:  October 29, 2007

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix