IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01935–EWN–KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

ALBERT HOFFMAN, as Trustee for the Estate of Debtors Kelly and David Altizer, and
JENNIFER TURNER-RIEGER,

    Intervenors,

v.

OUTBACK STEAK HOUSE OF FLORIDA, INC., and
OS RESTAURANT SERVICES, INC., d/b/a/ Outback Steakhouse,

    Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This case involves a civil public enforcement action brought by the Equal Employment Opportunity Commission ("EEOC") alleging that Defendants Outback Steakhouse of Florida, Inc., and OS Restaurant Partners, Inc., d/b/a Outback Steakhouse have engaged in a pattern or practice of discriminating against women by failing to hire and promote them and by discriminating against them in terms and conditions of employment. This matter is before the court on Applicant Heather Joffee's "Motion to Intervene as Party Plaintiff," filed April 11, 2007.

Jurisdiction is premised upon the existence of a federal question pursuant to 28 U.S.C.S. § 1331 (LexisNexis 2007).

## FACTS

### 1. *Factual Background*

Most of the relevant facts of this case are set out in my November 2, 2007, Order. (Order and Mem. of Decision at 2–10 [filed November 2, 2007] [hereinafter "Order"].) Familiarity therewith is assumed.

### 2. *Procedural History*

More than thirty days prior to the institution of this lawsuit, Plaintiff-Intervenor Jennifer Turner-Reiger and former Plaintiff-Intervenor Kelly Altizer,[1] former employees of Colorado Outback Steakhouse restaurants, filed charges with the EEOC on behalf of themselves and other similarly situated female employees, alleging Defendants engaged in a pattern or practice of gender-based employment discrimination. (*Id.* at 2–3.) Both charges centered around Defendants' alleged sex discrimination within the three-state region of Colorado, Wyoming, and Montana, and particularly on the alleged repeated sexist remarks of the Joint-Venture Partner for that region, Tom Flanagan. (*Id.* at 3.)

---

[1] Ms. Altizer is a "former" Plaintiff because this court found she was judicially estopped from asserting her claims against Defendants due to her failure to note her EEOC charge in her bankruptcy filing. (*See* Order and Mem. of Decision [filed Aug. 27, 2007].) That order is currently under reconsideration. (*See* Intervenor Altizer's Mot. for Reconsideration [filed Sept. 10, 2007].) At present, Albert Hoffman represents Ms. Altizer's interests as trustee of her bankruptcy estate. (*See* Order [filed Sept. 10, 2007].)

On September 28, 2006, after an investigation, issuance of a reasonable cause determination, and two failed conciliation attempts with Defendants, the EEOC filed the instant public enforcement action on behalf of a class of female employees in Mr. Flanagan's region against Defendants for engaging in a pattern or practice of failing to hire and promote women into management positions, and discriminating against women in the terms and conditions of employment. (*See* Compl. and Jury Demand [filed Sept. 28, 2006].)  On November 14, 2006, this court granted then-Applicants Turner-Rieger and Altizer's unopposed joint motion to intervene. (Order [Nov. 14, 2006].)  On December 4, 2006, Plaintiff Turner-Rieger and Ms. Altizer filed a joint intervenor complaint alleging Defendants engaged in a pattern or practice of sex discrimination. (Compl. in Intervention and Jury Demand [filed Dec. 4, 2006].)  In January 2007, all Plaintiffs filed an amended complaint making substantially the same allegations as their initial complaints. (*See* Am. Compl. in Intervention and Jury Demand [filed Jan. 26, 2007]; EEOC's First Am. Compl. and Jury Demand [filed Jan. 30, 2007].)

Applicant Joffee, who is female, was an employee of Defendants in Mr. Flanagan's three-state region until September 2005. (Mot. for Leave to Intervene as Party Plaintiff, Ex. 1 ¶¶ 11, 21 [Applicant's Compl.] [filed Apr. 11, 2007] [hereinafter "Applicant's Br."]; *admitted at* Defs.' Resp. to Mot. for Leave to Intervene as Party Pl. at 2 [filed Apr. 27, 2007] [hereinafter "Defs.' Resp."].)  At no time did Applicant Joffee file an individual charge of discrimination against Defendants with the EEOC. (Applicant's Br. at 2.)  Applicant Joffee generally avers that Defendants discriminated against her based on her sex by failing to offer her training and promotional opportunities. (*Id.*, Ex. 1 [Applicant's Compl.].)  Defendants do not deny that

Applicant Joffee asserts claims similar to those of Plaintiff Turner-Rieger and Ms. Altizer. (*See* Applicant's Br. at 2; Defs.' Resp.)

On April 11, 2007, Applicant filed a motion for leave to intervene as a party plaintiff as a matter of right in order to assert similar claims to those of Plaintiff Turner-Reiger and Ms. Altizer. (Applicant's Br.) The EEOC does not oppose intervention. (*Id.* at 2.) On April 27, 2007, Defendants responded to the motion. (Defs.' Resp.) On May 14, 2007, Applicant Joffee filed a reply in support of her motion. (Reply in Supp. of Applicant's Mot. for Leave to Intervene as Party Pl. [filed May 14, 2007] [hereinafter "Applicant's Reply"].) This matter is fully briefed and ripe for review.

## ANALYSIS

### 1. *Legal Standard*

Federal Rule of Civil Procedure 24(a) provides for intervention of right:

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a) (2007).

### 2. *Evaluation of Claims*

Applicant Joffee argues she has a statutory right to intervene in the instant action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e, *et seq.* (LexisNexis 2007) ("Title VII"). (Applicant's Br.) Title VII provides that when the EEOC pursues litigation in

response to a charge of discrimination, "the person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] Commissioner." 42 U.S.C.S. § 2000e–5(f)(1) (LexisNexis 2007). Defendants contend that Applicant Joffee has no right to intervene because, due to her failure to file a charge with the EEOC: (1) she is not a "person aggrieved" under Title VII; and (2) she failed to exhaust her administrative remedies, rendering this court without subject matter jurisdiction over her claim. (Defs.' Resp.)

The Tenth Circuit has construed section 42 U.S.C. § 2000e–5(f)(1) to confer an unconditional right to intervene upon the charging party whose claims provide the basis for an EEOC action. *Wills v. W.H. Braum, Inc.*, 80 F. App'x 63, 66–67 (10th Cir. 2003). Defendants, however, attempt to twist this grant of intervention rights to charging parties into a prohibition against intervention by non-charging parties. (*See* Defs.' Resp. at 5–7.) Yet, Defendants fail to cite a single case in support of this contention. (*See id.*) Applicant Joffee, on the other hand, points to several persuasive, albeit non-binding, decisions supporting intervention of right in this case. (*See* Applicant's Br.; Applicant's Reply.)

The Tenth Circuit has not yet addressed the specific question before this court. District courts in Iowa, Pennsylvania, Illinois, and New York, however, have all found that a "person aggrieved" includes "a person who has a 'nearly identical' claim to a charging party even if the 'nearly identical' claimant has not previously filed a charge with the EEOC." *EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 199–200 (S.D. Iowa 2006) (quoting *EEOC v. N.W. Human Servs.*, No. 04–CV–4531, 2005 U.S. Dist. LEXIS 23768, at *8 [E.D. Pa. Oct. 14, 2005]); *accord EEOC*

*v. J.D. Street & Co.*, No. 05–cv–4186–JPG, 2006 U.S. Dist. LEXIS 22358, at *4–7 (S.D. Ill. Mar. 29, 2006); *Spirt v. Teachers Ins. & Annuity Ass'n*, 93 F.R.D. 627, 647 (S.D.N.Y. 1982).

The rationale for extending the right to intervene to individuals with "nearly identical" claims to the charging parties is derived from the judicially constructed "single filing rule, " also referred to as "piggybacking." *See, e.g.*, *Von Maur*, 237 F.R.D. at 199–200.  This rule is universally recognized by federal courts.  *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004).  Although a Title VII plaintiff generally must exhaust administrative remedies by filing a timely EEOC charge prior to bringing suit, the "single filing rule" creates an exception to this requirement.  *Id.*  Under the rule, an individual plaintiff who failed to file a discrimination charge with the EEOC can generally opt-in to a class or multi-plaintiff discrimination action filed by similarly situated plaintiffs subject to similar discrimination within the same time frame.  *Id.*; *Thiessen v. GE Cap. Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001).  This rule intends to "give effect to the remedial purposes of [Title VII] and to not exclude otherwise suitable plaintiffs from [a Title VII] class action simply because they have not performed the useless act of filing a charge." *Foster*, 365 F.3d at 1197 (quotation marks omitted).  An act of filing is deemed "useless" in "situations in which the employer is already on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings."  *Id.*  As the Tenth Circuit has observed: "[I]t would be wasteful, if not in vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC."  *Thiessen*, 267 F.3d at 1110 (quotation marks omitted).  "As long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are satisfied and no

injustice or contravention of congressional intent occurs by allowing piggybacking." *Thiessen*, 267 F.3d at 1110 (quotation marks omitted).

Based on this circuit's application of the single filing rule, I hold that a plaintiff who failed to file a charge of discrimination with the EEOC, but who asserts she was subject to similar discrimination by the same actors during the same time frame as the charging parties, is an "aggrieved person" within the meaning of section 2000e–(f)(1). In the instant case, Defendants do not deny that Applicant Joffee's complaint in intervention asserts she was subject to similar discrimination by the same actors during the same time frame as Plaintiff Turner-Reiger and Ms. Altizer. (*See* Defs.' Resp.) I find Defendants were, therefore, on notice of the charges against them and failed to conciliate with the EEOC, Plaintiff Turner-Reiger, and Ms. Altizer. (*See* Order at 2–10.) Accordingly, under the facts of this case, I find that Applicant Joffee's filing of a charge with the EEOC would have been useless and she may now piggyback her claim onto those of the charging parties.

Defendants' contention that this court lacks subject matter jurisdiction due to Applicant Joffee's failure to exhaust remedies is similarly misplaced. (*See* Defs.' Resp. at 3–5.) The single filing rule is an exception to the requirement of exhaustion. *Foster*, 365 F.3d at 1197.

### 3. *Conclusion*

Based on the foregoing it is therefore ORDERED that Applicant Joffee's motion to intervene as party Plaintiff (#66) is GRANTED.

Dated this 2nd day of November, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge