IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01935-EWN-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

ALBERT HOFFMAN,
JENNIFER TURNER-RIEGER, and
HEATHER JOFFE,

    Intervenor Plaintiffs,

v.

OUTBACK STEAKHOUSE OF FLORIDA, INC.,
OS RESTAURANT PARTNERS, INC.,

    Defendants.
_____

# ORDER GRANTING IN PART AND HOLDING IN ABEYANCE IN PART EEOC'S MOTION TO COMPEL DISCOVERY
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **EEOC's Motion to Compel Discovery** [Docket No. 267; filed March 27, 2008] ("Motion"). Pursuant to Interrogatory Nos. 20 and 21, Plaintiff Equal Employment Opportunity Commission ("EEOC") seeks to compel Defendants to produce supplemental information regarding hourly positions at Outback Steakhouse restaurants in the three-state region of Colorado, Wyoming, and Montana. *Motion* [#267] at 1. Pursuant to Interrogatory No. 3 and Document Request No. 6, EEOC seeks to compel Defendants to produce information regarding employee complaints of gender discrimination and sexual harassment made to Defendants, including the identities of John Doe and Jane Does and information concerning Defendants' investigation into each

complaint. *Id.*

The Court has reviewed the Motion [# 267], Defendants' Response to EEOC's Motion to Compel Discovery [Docket No. 272; filed April 21, 2008] ("Response"), EEOC's Reply in Support of Motion to Compel [Docket No. 277; filed May 6, 2008] ("Reply"), the entire case file, and the applicable case law and is sufficiently advised in the premises. IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART and HELD IN ABEYANCE IN PART**, for the reasons set forth below.

## I. Supplemental Information for Hourly Positions

Interrogatory No. 20 asks that Defendants identify all positions filled by new hire, transfer, or promotion during the relevant time period (January 1, 2002 to March 31, 2007), and for each position filled provide the following information: 1) the name, location, and store number of the restaurant; 2) the date the position became available and date it was filled; 3) the identities of all candidates considered for the position; 4) the name and gender of the individual selected; and 5) the reason why the successful candidate was selected over other candidates. *Motion* [#267] at 5. EEOC also requests that Defendants "[p]lease provide this information in electronic database form." *Id.* A prior Court Order effectively limited the scope of EEOC's discovery requests to Outback Steakhouse restaurants in the three-state region of Colorado, Wyoming, and Montana ("Region 47"). [Docket No. 205; filed November 2, 2007].

Interrogatory No. 21 asks that Defendants identify by date, job title, and location any position for which each Participant/Claimant was considered for promotion or transfer, and for each position identified, identify other candidates considered for the position, the

2

individuals who made the selection decision, and the class member's supervisor at the time she was being considered for the position. *Motion* [#267] at 7.

Defendants provided an electronic database of employment records, which has been maintained since Defendants transitioned to an electronic record-keeping system regarding management positions (mid-2002) and regarding hourly positions (January 2003). *Response* [#272] at 5. Although the database contains some of the information requested, EEOC argues that the database does not completely respond to Interrogatory Nos. 20 and 21 for the following three reasons: 1) the database does not encompass the entire time period of the litigation; 2) it does not accurately reflect job titles because many of the hourly positions, such as bartender, headwaiter, key manager, or assistant kitchen manager, appear as "server" or "kitchen worker"; and 3) it contains no information about which employees were considered for each available position. *Motion* [#267] at 2-3.

EEOC seeks to compel Defendants to fully respond to Interrogatory Nos. 20 and 21 regarding individuals employed by Defendants from January 1, 2002 through March 31, 2007 in Region 47. *Id.* at 16-17. Defendants argue that they already adequately responded to these interrogatories by providing EEOC an electronic database of employee information, which included name, gender, and job position for over 7,000 hourly employees. *Response* [#272] at 5. Moreover, Defendants provided EEOC with the personnel file of every management employee in Region 47 since 2001. *Id.* Defendants argue that supplemental information regarding hourly positions is irrelevant to EEOC's case and providing it would impose an undue burden on Defendants. *Id.* at 2.

**A. Relevance**

Defendants dispute the relevance to EEOC's case of supplemental information on hourly positions in Region 47. *Id.* at 4. They argue that EEOC has repeatedly attempted to broaden the scope of its claims beyond failure to promote women to management positions. *Id.* Pursuant to the Federal Rules of Civil Procedure, the scope of discovery is broad and it "is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) (citation omitted). Indeed, "[i]t is plain that the scope of discovery through interrogatories . . . is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive." *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975).

EEOC's First Amended Complaint alleges that Defendants engaged in a pattern or practice of "discriminating against women in terms and conditions of employment, including without limitation, providing women less favorable job assignments, less training opportunities, and less opportunity for advancement" [Docket No. 25 at 1-2; filed January 30, 2007] ("Complaint"). The Court finds that this language clearly contemplates discrimination by Defendants regarding all employment positions, including hourly positions. As such, each hourly employee's accurate job title and the identities of candidates for each hourly position in Region 47 from January 1, 2002 through March 31, 2007 are relevant to EEOC's claim that Defendants discriminated against women in terms and conditions of employment. The various hourly positions identified by Defendants as available at restaurants in Region 47 obviously entail opportunities for increased earnings or advancement. Advancement within hourly positions, such as promotions to bartender or transfers to preferred shifts, may provide employees with opportunities for increased

4

earning capacity. Moreover, promotions to the hourly positions of headwaiter, key manager, or assistant kitchen manager may include additional employment responsibilities or provide leadership opportunities which may qualify employees for advancement to management positions. General job title descriptions, such as "server" or "kitchen worker," do not fully and accurately describe opportunities for advancement among hourly positions. Accordingly, information responsive to Interrogatory Nos. 20 and 21 regarding hourly positions, including exact job titles for each hourly employee, the identity of candidates for each of these hourly positions, the identities of persons selected for promotions or transfers, and the reasons for selection, is relevant to EEOC's claim that women were provided less favorable job assignments, fewer training opportunities, and fewer opportunities for advancement.

### B. Undue Burden

Defendants argue that as a practical matter it is not possible to compile a list of candidates for each hourly position and the reasons why certain employment decisions were made because Defendants employed thousands of hourly employees. *Response* [#272] at 6. They further argue that examination of personnel files is the only method for obtaining information on hourly positions, which would be extremely burdensome and may implicate personal privacy concerns. *Id.* at 6-7. Despite the breadth of discovery, its scope "is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant*." Gomez*, 50 F.3d at 1519 (citation omitted). Pursuant to Fed. R. Civ. P. 26(b)(2)(c)(iii), the Court has the power to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." However, the "burden of showing that the requested discovery is objectionable falls on Defendants," and it

"cannot be satisfied by merely asserting a boilerplate objection to discovery without providing concrete substantiation." *EEOC v. Outback Steakhouse of Fla., Inc.*, No. 06-CV-01935, 2007 WL 3232429, at *1 (D. Colo. Oct. 29, 2007) (unpublished decision) (citing *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D 517, 524 (D. Colo. 2003)).

Defendants argue that providing detailed information about each individual employed by Defendants from January 1, 2002 through March 31, 2007 in Region 47 would be extremely burdensome. *Response* [#272] at 5. However, Defendants have failed to provide concrete substantiation of the alleged burden, either in terms of manpower, hours, or financial resources that would be required. Even though EEOC requested that Defendants provide information in electronic database form, Defendants' answers to Interrogatory Nos. 20 and 21 are not restricted by their electronic record-keeping system. Defendants must make a good faith effort to compile this supplemental information for hourly positions, to the extent it exists, from all available sources.[1]

Defendants argue that turning over personnel files for each employee is the only way to obtain this supplemental information for hourly positions. However, EEOC does "not believe the personnel files [of hourly employees] would even contain the relevant information." *Reply* [#277] at 4. Instead, EEOC has proposed several alternatives that do not involve reviewing personnel files. For instance, EEOC suggests that Defendants could produce employee schedules, interview managers who are still employed with Defendants,

---

[1] The Court cannot, and does not, order Defendants to produce information which does not exist. *See N.L.R.B. v. Rockwell-Standard Corp., Transmission & Axle Div., Forge Div.*, 410 F.2d 953, 958 (6th Cir. 1969). However, to the extent that Defendants possess records or knowledge through their agents regarding the requested topics, such information must be provided. *See Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476-77 (D. Colo. 2007).

or provide general qualifications for the various hourly employee positions. *See id.* at 4-5. Because it does not appear that Defendants have employed any alternate method for gathering this information other than submitting an electronic database, they have not satisfied their obligations with respect to Interrogatory Nos. 20 and 21. Defendants must make a good faith effort to provide this supplemental information for hourly positions, including hourly employment information dating back to January 1, 2002, job titles for each hourly position, the identity of candidates considered for each promotion within the hourly positions, the identity of each promoted person, the reason the persons were selected for promotion, the identity of the persons who selected those who were promoted, and an explanation of positions for which class members were considered for promotion or transfer.

Accordingly, Defendants shall provide EEOC with supplemental information, to the extent available, for hourly employees in Region 47 from January 1, 2002 through March 31, 2007 without producing hourly employees' personnel files for inspection and copying.

## II. Employee Complaints of Discrimination

Interrogatory No. 3 asks that Defendants identify all formal and informal complaints of gender discrimination, sexual harassment, hostile work environment based on gender, retaliation, and all complaints of unfair treatment by female employees from 1997 to present. *Motion* [#267] at 9. In addition, Interrogatory No. 3 asks that Defendants provide detailed information regarding each complaint, including the name of the complainant, names of individuals complained about, the investigation into each complaint, and the action taken in response to the investigation. *Id.* at 9-10. Document Request No. 6 asks that Defendants produce all documents relating to each complaint identified in Interrogatory

No. 3, including the documents related to any investigation conducted by Defendants. *Id.* at 12.

Defendants fully responded to Interrogatory No. 3 and Document Request No. 6 regarding Plaintiff-Intervenors Jennifer Turner-Rieger and Kelly Altizer,[2] including providing all documents concerning their complaints and Defendants' investigations into their complaints. *Id.* at 3. Moreover, Defendants produced some information concerning each complaint of gender discrimination or sexual harassment made by a female employee in Region 47 since 2001. *Response* [#272] at 9. However, with the exception of Plaintiff-Intervenors Turner-Rieger and Altizer, Defendants have not produced information or documents concerning investigations into other complaints of gender discrimination or sexual harassment. *Id.* Further, Defendants redacted the names of four employees from two sexual harassment complaints. *Id.* at 13.

Pursuant to Interrogatory No. 3 and Document Request No. 6, EEOC seeks to compel Defendants to provide information and documents concerning their investigations into complaints of gender discrimination or sexual harassment and to provide the identities of the redacted John Doe and Jane Does. *Motion* [#267] at 1.

**A. Investigations in Response to Employee Complaints**

EEOC argues that Defendants' investigations into complaints of gender discrimination or sexual harassment made by female employees since 2001 in Region 47 are nonprivileged and thereby discoverable. *Motion* [#267] at 17. In the alternative, EEOC

---

[2] The Court notes that Plaintiff-Intervenor Altizer has now been dismissed by Order of August 27, 2007 [Docket No. 151]. The Motion for Reconsideration of that dismissal has not yet been ruled upon by the District Court [Docket No. 160].

argues that, even if Defendants' investigations were protected by the attorney-client privilege and/or work product doctrine, Defendants waived this protection by asserting the *Faragher/Ellerth* affirmative defense in response to EEOC's First Amended Complaint. *Id.* Defendants, on the other hand, argue that their investigations and communications in response to complaints made by female employees are protected by the attorney-client privilege and work product doctrine. Defendants also argue that they have not waived the attorney-client privilege for investigations into complaints by all employees because their assertion of the *Faragher/Ellerth* affirmative defense was limited to Plaintiff-Intervenors Jennifer Turner-Rieger and Kelly Altizer. *Response* [#272] at 9, 12.

### 1. Attorney-Client Privilege and Work Product Doctrine

Defendants argue that the work product doctrine protects documents regarding investigations into employee complaints of discrimination or harassment because the investigations were conducted in anticipation of litigation. *Id.* at 9. Defendants provided the Court with evidence that several of these investigations were in anticipation of litigation. *Id.* at 10-11, Exs. D-H. In addition, Defendants argue that the attorney-client privilege protects many of the communications regarding these investigations. *Id.* However, Defendants did not provide the Court with any evidence that the attorney-client privilege applies to communications regarding investigations of employee complaints.[3] *See id.*

The party asserting the attorney-client privilege or work product doctrine has the burden of establishing that either or both clearly apply to specific information or documents.

---

[3] Interestingly, EEOC, not Defendants, supplied the Court with Defendants' privilege log of withheld documents regarding employee complaints of discrimination or harassment. *Reply* [#277], Ex. 3.

9

*In re Foster*, 188 F.3d 1259, 1264 & n.5 (10th Cir. 1999); *see also Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984) (holding that a privilege log may not clearly establish that privilege applies). Accordingly, it is Defendants' burden to establish that the work product doctrine and attorney-client privilege clearly apply to specific information or documents regarding investigations of employee complaints.

The work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial . . . [unless] they are otherwise discoverable under Rule 26(b)(1); and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). "At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles,* 422 U.S. 225, 238 (1975). "Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (citing *Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86, 89 (W.D. Okla. 1980)). A party may still discover documents that contain fact work product by satisfying the substantial need/undue burden test. Fed. R. Civ. P. 26(b)(3)(A)(ii); *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 n.12 (10th Cir. 1998). However, opinion work product, such as an attorney's mental impressions, conclusions, opinions, or legal theories, receives special protection against disclosure. Fed. R. Civ. P. 26(b)(3)(B).

The attorney-client privilege, on the other hand, is more narrow and distinct from the

work product doctrine.  *See Nobles*, 422 U.S. at 238 n.11.  It protects communications made in confidence between the client and the attorney from discovery, but it does not protect the underlying facts contained within those communications.  *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981); *see United States v. Lopez*, 777 F.2d 543, 552 (10th Cir. 1985).  However, the attorney-client privilege creates special problems for a corporate client because a corporation must act through agents.  *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985).  It is primarily held by the corporation's officers and agents who play a substantial role in directing actions in response to legal advice.  *Upjohn*, 449 U.S. at 391-92.  In addition, the attorney-client privilege protects communications with lower-level employees when:  (1) the communications are made by corporate employees, (2) to counsel for the corporation acting as such, (3) at the direction of corporate superiors, and (4) for the purpose of seeking or obtaining legal advice from counsel. *Id.* at 394; *see also Weintraub*, 471 U.S. at 348 (affirming that *Upjohn* establishes that the attorney-client privilege extends to communications between the corporation's attorney and lower-level employees in certain circumstances).

In the case at bar, Defendants argue that documents concerning their investigations of employee complaints of discrimination or harassment are protected by the work product doctrine.  *Response* [#272] at 9.  However, to the extent that this is true, neither the work product doctrine nor the attorney-client privilege protects underlying facts contained within privileged communications or documents.  *Upjohn*, 449 U.S. at 395-96; *Dabney*, 73 F.3d 266.  Accordingly, Defendants shall fully respond to Interrogatory No. 3 with respect to Defendants' investigations into complaints of gender discrimination or sexual harassment made by a female employee since 2001 in Region 47.

The Court also finds that Defendants' privilege log does not provide a sufficient basis for determining whether the work product doctrine and/or attorney-client privilege protects the withheld documents. For example, the privilege log fails to clearly identify attorneys and non-attorney employees and to indicate whether non-attorney documents were prepared at the behest of an attorney or in anticipation of litigation. Accordingly, Defendants shall produce a revised privilege log that accurately asserts privileges for each document and that <u>clearly establishes</u> that the asserted privileges apply by listing specific facts. For example, Defendants may consider listing facts regarding whether a document was prepared in anticipation of litigation (e.g., in response to a specific threat of litigation, in response to a communication from an attorney, etc.), prepared by an attorney, prepared by an agent acting on behalf of an attorney, prepared for the purpose of seeking legal advice, prepared under the direction of Defendants' officers who have a substantial role in directing actions in response to legal advice, etc.

### 2. *Faragher/Ellerth* **Affirmative Defense**

In general, even when documents or communications would ordinarily be protected by the work product doctrine or attorney-client privilege, a party waives the protection of the privilege by bringing the contents of the documents or communications into issue. *See Rahn v. Junction City Foundry, Inc.*, No. 00-2128, 2000 WL 1679419, at *3 (D. Kan. Nov. 3, 2000) (unpublished decision) (holding that access to information concerning employer's investigations was "crucial" in preparing a rebuttal to employer's affirmative defense).

The *Faragher/Ellerth* affirmative defense protects employers from liability for discrimination or sexual harassment when no tangible employment action is taken against an employee. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *accord*

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). "The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any [discriminatory or] sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765.

Courts have interpreted an assertion of the *Faragher/Ellerth* affirmative defense as waiving the protection of the work product doctrine and attorney-client privilege in relation to investigations and remedial efforts in response to employee complaints of discrimination because doing so brings the employer's investigations into issue. *See, e.g.*, *Walker v. County of Contra Costa*, 227 F.R.D. 529, 535 (N.D. Cal. 2005) ("If [an employer] assert[s] as an affirmative defense the adequacy of [its] pre-litigation investigation into [an employee's] claims of discrimination, then [it] waive[s] the attorney-client privilege and work product doctrine with respect to documents reflecting that investigation."); *Jones v. Rabanco, Ltd.*, No. C03-3195P, 2006 WL 2401270, at *4 (W.D. Wash. Aug. 18, 2006) (unpublished decision) (raising the *Faragher/Ellerth* defense causes "any investigation and remedial efforts into the discrimination alleged . . ., in which [an employer] engaged and in which [its] attorneys were involved, to become discoverable, despite any . . . privilege that may have normally attached to such communications"); *Austin v. City & County of Denver ex rel. Bd. of Water Com'rs*, No. 05-CV-01313, 2006 WL 1409543, at *7 (D. Colo. May 19, 2006) (unpublished decision) ("Where a party puts the adequacy of its pre-litigation investigation into issue by asserting the investigation as a defense, the party must turn over documents related to that investigation, even if they would ordinarily be privilege[d].").

In the case at bar, Defendants concede that they asserted the *Faragher/Ellerth* affirmative defense in their Answer to EEOC's First Amended Complaint and Jury Trial Demand [Docket No. 26; filed January 30, 2007] ("Answer"). *Response* [#272] at 17. However, Defendants argue that the scope of their *Faragher/Ellerth* affirmative defense was "limited to the allegations made at the time of the EEOC's complaint – allegations made by Plaintiff-Intervenors Jennifer Turner-Rieger and Kelly Altizer." *Id.*

The Court agrees that to the extent that Defendants have asserted the *Faragher/Ellerth* affirmative defense, they have waived the protections of the attorney-client privilege and work product doctrine regarding investigations into complaints made by female employees. *See, e.g.*, *Walker*, 227 F.R.D. at 535; *Jones*, 2006 WL 2401270, at *4; *Austin*, 2006 WL 1409543, at *7. Although Defendants' Answer and Response are not entirely clear, the Court accepts Defendants' judicial admission that the *Faragher/Ellerth* affirmative defense was raised only as to the claims of Plaintiff-Intervenors. *Response* [#272] at 17; *see also* Answer to Complaint in Intervention and Jury Demand of Plaintiff-Intervenor Heather Joffe [Docket No. 216 ¶¶ 14-15, at 6-7; filed November 21, 2007]. Accordingly, if they have not already done so, Defendants must provide complete responses to Interrogatory No. 3 and Request for Production No. 6 regarding complaints made by those individuals. Of course, Defendants' judicial admission that they have not raised the *Faragher/Ellerth* affirmative defense as to the claims of other class members is binding on them during the future course of this litigation. Any attempt to raise that defense or to present evidence relating to it regarding any class members other than Ms. Turner-Rieger, Ms. Altizer, and Ms. Joffe should not be permitted. *See U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 833 n.4 (10th Cir. 2005); *Baker v. Echostar Communs. Corp.*,

No. 06-cv-01103, 2007 WL 4287494, at **14-15 (D. Colo. Dec. 4, 2007) (unpublished decision).

### B. Identification of John Doe and Jane Does

Defendants argue that they redacted the names of four employees from two sexual harassment complaints to protect the employees' privacy interests and because the employees' identities were not relevant to EEOC's claims. *Response* [#272] at 13. Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* In employment discrimination cases, "courts have generously construed the term 'relevant' and have afforded [EEOC] access to virtually any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984); *see also Rich*, 522 F.2d at 343-44 (holding that discovery in discrimination cases should not be narrowly circumscribed). However, even when the material sought is relevant, the Court may restrict discovery to protect parties from "annoyance, embarrassment, [or] oppression." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(c)).

In the case at bar, Defendants redacted the names of one male employee and three female employees from two sexual harassment complaints, which apparently allege that a male employee sexually assaulted three female co-workers outside of the workplace. *Response* [#272] at 13; *Reply* [#277] at 10. Although these complaints do not allege "a failure to promote or similar claims," the alleged events may have materially affected the terms and conditions of employment for the female employees. *See Response* [#272] at

15

13. For example, as a result of filing the complaints, the female employees may have received less favorable shift assignments or fewer opportunities for promotion. In addition, one female complainant reported the sexual assault to a supervisor who also is accused of discriminating against several female employees. *Motion* [#267] at 18. Testimony from John Doe 1, Jane Doe 1, Jane Doe 2, and Jane Doe 3 about their treatment by Defendants could shed light on whether Defendants engaged in a pattern or practice of discriminating against female employees. Further, the Jane Does are putative class members who are entitled to notice of this enforcement action.[4] Accordingly, the Court finds that the identities of John Doe and Jane Does are relevant to EEOC's claims.

Defendants also argue that redaction of the employees' names protects their privacy interests. *Response* [#272] at 13. First, these two sexual harassment complaints allege sexual assaults by a male co-worker. *Id.*; *Reply* [#277] at 10. Second, one complaint provides information about a third female employee who, at the time of filing the complaint, allegedly did not wish to be involved with any of the complaints. *Response* [#272] at 13. The Court is aware that these two sexual harassment complaints may allege events of a sensitive and possibly embarrassing nature. For that reason, documents directly identifying John Doe or Jane Does as the employees involved in these two sexual harassment complaints should be <u>filed with the Court</u> either via a motion to seal or with the employees' names redacted. Moreover, the Court finds that the Protective Order will adequately protect confidentiality of this sensitive information [Docket No. 54; filed March 19, 2007].

---

[4] Although EEOC already sent notice to all female employees in Defendants' electronic database, many addresses are no longer current. EEOC has asserted that based upon production of an employee complaint by Defendants, EEOC located a class member who had never received actual notice of this lawsuit. *Motion* [#267] at 19 n.3.

Accordingly, Defendants shall provide EEOC with the names of John Doe 1, Jane Doe 1, Jane Doe 2, and Jane Doe 3. If parties file any documents directly identifying John Doe 1, Jane Doe 1, Jane Doe 2, and Jane Doe 3 as the employees involved in these two sexual harassment complaints, such as Defendants' responses to interrogatories, then those documents shall be filed with the Court either via a motion to seal or with redacted names.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART and HELD IN ABEYANCE IN PART**. Within a reasonable period of time **not to exceed forty-five (45) days from the date of this Order**, Defendants shall produce to EEOC information or documents responsive to Interrogatory Nos. 3, 20, and 21 and Document Request No. 6 as set forth in paragraphs 1, 2 & 4 below:

1. Defendants shall provide all information requested in Interrogatories 20 and 21 to the extent that it is known to or obtainable by Defendants. However, Defendants shall not produce hourly employees' personnel files for inspection and copying.

2. Defendants shall produce all information requested in Interrogatory No. 3 without limitation and all documents requested in Request for Production No. 6 regarding investigations into complaints by Jennifer Turner-Rieger, Kelly Altizer, and Heather Joffe.

3. On or before **June 30, 2008**, Defendants shall produce a revised privilege log that accurately asserts privileges for each document and that clearly establishes that the asserted privileges apply by listing specific facts.

4. Defendants shall provide identities of John Doe 1, Jane Doe 1, Jane Doe 2, and

Jane Doe 3, whose names were redacted from two sexual harassment complaints.

IT IS FURTHER **ORDERED** that if the parties file any documents directly identifying John Doe 1, Jane Doe 1, Jane Doe 2, and Jane Doe 3 as the employees involved in these two sexual harassment complaints, such as Defendants' responses to interrogatories, then those documents shall be filed with the Court either via a motion to seal or with redacted names.

IT IS FURTHER **ORDERED** that a hearing is set for **July 8, 2008 at 4:00 p.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado regarding EEOC's Motion to Compel production of documents (other than complaints and investigations relating to Plaintiff-Intervenors) in response to EEOC's Request for Production No. 6.

Anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show valid photo identification. *See* D.C.Colo.LCivR 83.2B.

Dated: June 11, 2008

                                        BY THE COURT:

                                          s/ Kristen L. Mix
                                        U.S. Magistrate Judge
                                        Kristen L. Mix