IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01935-EWN-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

ALBERT HOFFMAN,
JENNIFER TURNER-RIEGER, and
HEATHER JOFFE,

    Intervenor Plaintiffs,

v.

OUTBACK STEAKHOUSE OF FLORIDA, INC.,
OS RESTAURANT PARTNERS, INC.,

    Defendants.

---

**ORDER GRANTING IN PART, DENYING IN PART, AND HOLDING
IN ABEYANCE IN PART EEOC'S MOTION TO COMPEL DISCOVERY**

---

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **EEOC's Motion to Compel Discovery** [Docket No. 267; Filed March 27, 2008] ("Motion"). The Court has reviewed EEOC's Motion [#267], Defendants' Response to EEOC's Motion to Compel Discovery [Docket No. 272; Filed April 21, 2008] ("Response"), EEOC's Reply in Support of Motion to Compel [Docket No. 277; filed May 6, 2008] ("Reply"), the Revised Privilege Log of Documents Withheld by Defendants [Docket No. 286-2; Filed June 30, 2008] ("Revised Privilege Log"), the discovery hearing record, the entire case file, and the applicable case law and is sufficiently advised in the premises.

    IT IS HEREBY **ORDERED** that EEOC's Motion is **GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART**, for the reasons set forth below.

## I. Procedural Background

Pursuant to Document Request No. 6 of its First Set of Requests for Production, EEOC seeks to compel production of documents regarding complaints of gender discrimination or sexual harassment made by female employees at Outback Steakhouse restaurants in the three-state region of Colorado, Wyoming, and Montana ("Region 47") since 2001. *Motion* [#267] at 17. EEOC argues that withheld documents regarding Defendants' investigations into complaints of gender discrimination or sexual harassment are nonprivileged and thereby discoverable, whereas Defendants argue that these documents are protected from discovery by the attorney-client privilege and/or the work product doctrine. See *id.*; *see also Response* [#272] at 9-11.

In an earlier Order dated June 11, 2008, the Court held in abeyance EEOC's Motion regarding Document Request No. 6 [Docket No. 283]. Based upon its inspection of Defendants' privilege log, the Court found that Defendants' privilege log did not provide a sufficient basis for determining whether the work product doctrine and the attorney-client privilege protect the withheld documents because Defendants failed to clearly identify attorneys and non-attorney employees and failed to indicate the purpose for preparing each document. *Order* [#283] at 15. Accordingly, the Court ordered Defendants to produce a revised privilege log that accurately asserted privileges for each document and that clearly established that the asserted privilege applied by listing specific facts. *Id.* at 18. Moreover, the Court suggested that Defendants consider including the following information in their revised privileged log:

> whether a document was prepared in anticipation of litigation (e.g., in response to a specific threat of litigation, in response to a communication from an attorney, etc.), prepared by an attorney, prepared by an agent acting

2

>on behalf of an attorney, prepared for the purpose of seeking legal advice, prepared under the direction of Defendants' officers who have a substantial role in directing actions in response to legal advice, etc.

*Id.* at 15. Further, the Court ordered a discovery hearing to provide Defendants an additional opportunity to establish that the work product doctrine and the attorney-client privilege apply to the withheld documents. *Id.* at 18.

During the discovery hearing, EEOC narrowed the scope of its Motion to withheld communications between Outback Venture Partner Tom Flanagan and in-house counsel (Bates Nos. 317, 330, and 355), in-house counsel's notes (Bates Nos. 325-29, 331, 333-35, 338-41, 343-46, and 349), and witness statements (Bates Nos. 318-24, 337, and 377-92). The Court addresses whether the attorney-client privilege and the work product doctrine attach to the withheld documents according to these groupings.

## II. Applicable Legal Standards

The party asserting the attorney-client privilege or the work product doctrine has the burden of establishing that either or both clearly apply to specific information or documents. *In re Foster*, 188 F.3d 1259, 1264 & n.5 (10th Cir. 1999); *see also Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984) (noting that a privilege log, on its own, may not sufficiently establish that a privilege applies).

The work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial . . . [unless] they are otherwise discoverable under Rule 26(b)(1); and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can

3

analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). In addition, the work product doctrine protects materials prepared by an attorney's agents, as an attorney "often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial." *Id.* at 238-39 & n.13.

"Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (citing *Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86, 89 (W.D. Okla. 1980)). A party may still discover documents that contain *fact* work product by satisfying the substantial need/undue burden test. Fed. R. Civ. P. 26(b)(3)(A)(ii); *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 n.12 (10th Cir. 1998). However, *opinion* work product, such as an attorney's "mental impressions, conclusions, opinions, or legal theories," receives special protection against disclosure. Fed. R. Civ. P. 26(b)(3)(B). Moreover, when prepared in anticipation of litigation, attorney notes and memoranda regarding factual information, such as summaries of witnesses' oral statements, are opinion work product. *See Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) ("Attorney notes reveal an attorney's [mental impressions and] legal conclusions because, when taking notes, an attorney often focuses on those facts that [he or] she deems legally significant.").

The attorney-client privilege, on the other hand, is more narrow and distinct from the work product doctrine. *See Nobles*, 422 U.S. at 238 n.11. It only protects communications made between the client and the attorney in confidence for the purpose of seeking, obtaining, or providing legal assistance to the client. *See United States v. Lopez*, 777 F.2d

4

543, 552 (10th Cir. 1985); *see also* I Edna Selan Epstein, *The Attorney-Client Privilege and the Work Product Doctrine* 65 (5th ed. 2007). Its protection does not attach to the underlying facts contained within those communications. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981).

For a corporate client, the attorney-client privilege creates "special problems" because "a corporation must act through agents." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). The attorney-client privilege is primarily held by the corporation's officers and agents who play a substantial role in directing actions in response to legal advice. *Upjohn*, 449 U.S. at 391-92. However, the attorney-client privilege occasionally protects communications between an attorney and lower-level employees when: (1) the communications are made by corporate employees, (2) to counsel for the corporation acting as such, (3) at the direction of corporate superiors, and (4) for the purpose of seeking or obtaining legal advice from counsel. *Id.* at 394-95; *see also Weintraub*, 471 U.S. at 348 (recognizing that *Upjohn* establishes that the attorney-client privilege extends to communications between the corporation's attorney and lower-level employees in certain circumstances).

### III. Analysis

#### A. Communications Between Tom Flanagan and In-House Counsel

EEOC seeks to compel production of the following communications between Outback Venture Partner Tom Flanagan and in-house counsel: (1) an email from in-house counsel regarding witness interviews and an investigation into an employee complaint (Bates No. 317), (2) an email from in-house counsel directing Mr. Flanagan to conduct an investigation into another employee complaint (Bates No. 330), and (3) correspondence

5

to in-house counsel regarding Mr. Flanagan's investigation into an employee complaint (Bates No. 355).  *Revised Privilege Log* [#286-2] at 1, 9, 29.

Defendants assert that both the work product doctrine and the attorney-client privilege protect the first and second emails and that the attorney-client privilege protects Mr. Flanagan's correspondence.  *Id.*  The Court finds that the work product doctrine does not apply to the first and second emails because there is no indication that these two emails were prepared in anticipation of litigation or for trial.  *See id.* at 1, 9; Fed. R. Civ. P. 26(b)(1).  However, all three communications (Bates No. 317, 330, and 355) are protected from discovery by the attorney-client privilege.  Defendants have sufficiently established that these documents are confidential communications between the client and the attorney.  *See Revised Privilege Log* [#286-2] at 1, 9, 29; *see also Lopez*, 777 F.2d at 552; I Epstein, *supra*, at 65.  During the discovery hearing, Defendants asserted that Mr. Flanagan, as Venture Partner, plays a substantial role in directing Defendants' actions in response to legal advice for all Outback Steakhouse restaurants in Region 47.  *See, e.g.*, *Upjohn*, 449 U.S. at 391-92.  Therefore, regarding these three communications related to employee complaints, Mr. Flanagan is an individual within the corporation who can speak on its behalf to in-house counsel so that the attorney-client privilege applies to their communications.  *See id.*  Finally, Defendants have sufficiently established that these three communications were for the purpose of seeking, obtaining, or providing legal assistance.  *See Revised Privilege Log* [#286-2] at 1, 9, 29; *see also Lopez*, 777 F.2d at 552; I Epstein, *supra*, at 65.  In the first and second emails, in-house counsel instructs Mr. Flanagan to conduct an internal investigation into employee complaints so that in-house counsel can provide legal advice.  *See Revised Privilege Log* [#286-2] at 1, 9.  In his correspondence to in-house

counsel, Mr. Flanagan summarizes the initial findings of his investigation into an employee complaint for the purpose of obtaining legal advice. *Id.* at 29.

Accordingly, the communications between Mr. Flanagan and in-house counsel (Bates Nos. 317, 330, and 355) are protected by the attorney-client privilege. *See Revised Privilege Log* [#286-2] at 1, 9, 29. Although these documents are protected from discovery, the underlying facts (if any) contained within these communications are not privileged. *Upjohn*, 449 U.S. at 395-96. Therefore, EEOC may discover the underlying facts by other means, such as by Defendants' response to Interrogatory No. 3.[1]

**B. Attorney Notes**

EEOC seeks to compel production of in-house counsel's notes (Bates Nos. 325-29, 331, 333-35, 338-41, 343-46, and 349), while conceding that counsel's mental impressions should be redacted prior to production. *See Revised Privilege Log* [#286-2] at 5-8, 11, 13-15, 18-22, 25.[2] Defendants, on the other hand, assert that both the attorney-client privilege and the work product doctrine protect these notes from discovery. *Id.*

When prepared in anticipation of litigation, attorney notes and memoranda regarding factual information, such as summaries of witnesses' oral statements, are opinion work product. *See Baker*, 209 F.3d at 1054. The work product doctrine is designed to "shelter[] the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Nobles*, 422 U.S. at 238. Moreover, to the extent

---

[1] In my earlier Order, the Court ordered Defendants to forthwith produce all information requested in Interrogatory No. 3 without limitation. *Order* [# 283] at 18.

[2] Defendants erroneously duplicated Bates Nos. 331 and 333 on designated documents. *See Revised Privilege Log* [#286-2] at 10-11, 13, 15. The Court does not consider the email (Bates No. 331).

7

that attorney notes clearly reveal confidential communications made by the client to the attorney for the purpose of seeking, obtaining, or providing legal assistance to the client, then those portions of the attorney notes are protected by the attorney-client privilege. *In re Wagar*, No. 1:06-MC-127 (LEK/RFT), 2006 WL 3699544, at *14 (N.D.N.Y. Dec. 13, 2006) (unpublished decision) (deducing that because the attorney-client privilege protects confidential communications made to the attorney, it similarly protects attorney notes and memoranda which pertain to those privileged communications); *see also* I Epstein, *supra*, at 65.

Regarding in-house counsel's notes (Bates Nos. 325-29), the Court finds that these attorney notes are opinion work product and thereby receive special protection from discovery. *See Revised Privilege Log* [#286-2] at 5-8; Fed. R. Civ. P. 26(b)(3)(B). Defendants have submitted evidence that these documents were prepared by in-house counsel in anticipation of litigation and that they contain summaries of interviews, mental impressions about an employee complaint, an assessment of the investigation, and possible remedial actions. *Revised Privilege Log* [#286-2] at 5-8. However, the Court finds that these documents are not protected by the attorney-client privilege, as Defendants have failed to clearly establish that these attorney notes contain confidential communications made by the client to the attorney for the purpose of seeking, obtaining, or providing legal assistance. *See Lopez*, 777 F.2d at 552; *see also* I Epstein, *supra*, at 65.

Accordingly, attorney notes (Bates Nos. 325-29) are opinion work product. *See Revised Privilege Log* [#286-2] at 5-8; Fed. R. Civ. P. 26(b)(3)(B). Although these attorney notes receive special protection from discovery pursuant to Fed. R. Civ. P. 26(b)(3)(B), the facts underlying the work product are not protected. *Resolution Trust Corp.*, 73 F.3d at

266. Therefore, EEOC may discover the underlying facts (if any) by other means, such as by Defendants' response to Interrogatory No. 3.

Regarding the remaining in-house counsel's notes (Bates Nos. 331, 333-35, 338-41, 343-46, and 349), the Court finds that these attorney notes are not protected from discovery by the work product doctrine. *See Revised Privilege Log* [#286-2] at 11, 13-15, 18-22, 25. Unlike the attorney notes discussed above (Bates Nos. 325-29), Defendants fail to establish that in-house counsel prepared these documents in anticipation of litigation or for trial. Because the work product doctrine only protects those documents prepared in anticipation of litigation, the work product doctrine does not attach to the remaining attorney notes (Bates Nos. 331, 333-35, 338-41, 343-46, and 349). *See* Fed. R. Civ. P. 26(b)(3)(A). However, to the extent that these attorney notes reveal confidential communications made to the attorney by the client for the purpose of seeking, obtaining, or providing legal assistance, those portions of these attorney notes are protected by the attorney-client privilege. *See Revised Privilege Log* [#286-2] at 11, 13-15, 18-22, 25; *see also In re Wagar*, 2006 WL 3699544, at *14; I Epstein, *supra*, at 65. Therefore, to the extent that these attorney notes reveal in-house counsel's interviews, conversations, or correspondence with client employees, then those portions of these attorney notes are protected by the attorney-client privilege. *See Revised Privilege Log* [#286-2] at 11, 13-15, 18-22, 25. Conversely, to the extent that these attorney notes reveal information or facts that were communicated to a non-attorney employee, those portions of these attorney notes are not protected by the attorney-client privilege and therefore must be produced pursuant to Document Request No. 6. *See id.*

Accordingly, Defendants shall produce attorney notes (Bates Nos. 331, 333-35, 338-

41, 343-46, and 349) with redactions of content that reveal in-house counsel's confidential communications with client employees for the purpose of seeking, obtaining, or providing legal assistance, as such communications are protected by the attorney-client privilege. To the extent that these attorney notes reveal communications that are protected by the attorney-client privilege, the underlying facts relating to those communications are not privileged. *Upjohn*, 449 U.S. at 395-96. Therefore, EEOC may discover the underlying facts (if any) by other means, such as by Defendants' response to Interrogatory No. 3.

### C. Witness Statements

EEOC seeks to compel production of all witness statements regarding gender discrimination or sexual harassment complaints made by female employees in Region 47 since 2001 (Bates Nos. 318-24, 337, and 377-92). *See Revised Privilege Log* [#286-2] at 2-4, 17, 36-40. Defendants, however, assert that the attorney-client privilege protects these documents from discovery. *Id.*

Regarding the fax correspondence between Tom Pyles and Mr. Flanagan (Bates No. 318), the Court finds that the attorney-client privilege does not apply. Defendants fail to establish that this fax correspondence is a communication between the client and an attorney. *See Upjohn*, 449 U.S. at 391-92. Therefore, the Court concludes that this fax correspondence is only a communication between two non-attorney employees, and thereby the attorney-client privilege does not apply. *See Revised Privilege Log* [#286-2] at 2; *see also Lopez*, 777 F.2d at 552. However, the Court finds that Defendants have sufficiently established that the work product doctrine protects this document from discovery, even though Defendants did not explicitly assert this privilege. This fax correspondence contains information regarding an internal investigation performed by non-

10

attorney employees at the behest of in-house counsel and in anticipation of litigation. *See id.*; *see also Nobles*, 422 U.S. at 238-39 & n.13 (holding that the work product doctrine, which is broader than the attorney-client privilege, protects materials prepared by investigators at the request of an attorney).

Regarding the remaining witness statements (Bates Nos. 319-24, 337, and 377-92), the Court also finds that the attorney-client privilege does not apply. *See Revised Privilege Log* [#286-2] at 3-4, 17, 36-40. The attorney-client privilege only protects communications made between the client and the attorney in confidence for the purpose of seeking, obtaining, or providing legal assistance to the client. *Lopez*, 777 F.2d at 552; *see also* I Epstein, *supra*, at 65. Because Defendants identify the recipient for each witness statement as "not applicable," the withheld witness statements are clearly not communications between a client employee and any other individual. *See Revised Privilege Log* [#286-2] at 3-4, 17, 36-40.[3] However, the Court finds that Defendants have sufficiently established that the work product doctrine protects these witness statements from discovery, even though Defendants did not explicitly assert this privilege. *See id.* Defendants establish that the witness statements were prepared in anticipation of litigation and at the behest of in-house counsel. *See Nobles*, 422 U.S. at 238-39 & n.13.

Accordingly, witness statements regarding gender discrimination or sexual harassment complaints made by female employees in Region 47 since 2001 (Bates Nos. 318-24, 337, and 377-92) are protected by the work product doctrine. *See Revised Privilege Log* [#286-2] at 2-4, 17, 36-40. Because the underlying facts contained within

---

[3] For each withheld witness statement, Defendants identified the recipient as "n/a." *Revised Privilege Log* [#286-2] at 3-4, 17, 36-40.

work product are not privileged, EEOC may discover the underlying facts (if any) by other means, such as by Defendants' response to Interrogatory No. 3.  *See Resolution Trust Corp.*, 73 F.3d at 266.  Moreover, EEOC may still discover the witness statements by satisfying the substantial need/undue burden test.  See Fed. R. Civ. P. 26(b)(3)(A)(ii); *Frontier Ref.*, 136 F.3d at 704 n.12.  Therefore, to the extent EEOC seeks to compel production of the witness statements (Bates Nos. 318-24, 337, and 377-92), the Court holds EEOC's Motion in abeyance so that EEOC may establish whether "it has substantial need for the [witness statements] to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A)(ii).

## IV.  Conclusion

IT IS HEREBY **ORDERED** that EEOC's Motion is **GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART**.  The Motion is **GRANTED** as to the attorney notes Bates Numbered 331, 333-35, 338-41, 343-46, and 349, which shall be forthwith produced to EEOC with redactions of content that reveal in-house counsel's confidential communications with client employees for the purpose of seeking, obtaining, or providing legal assistance, as such communications are protected by the attorney-client privilege.  The Motion is **DENIED** as to the attorney notes Bates Numbered 325-29 and the communications between Tom Flanagan and in-house counsel Bates Numbered 317, 330, and 355.

IT IS FURTHER **ORDERED** that, to the extent EEOC seeks to compel production of witness statements Bates Numbered 318-24, 337, and 377-92, the Motion is **HELD IN ABEYANCE**.  On or before **August 8, 2008**, EEOC shall file a Supplemental Brief in Support of Motion to Compel Discovery and establish whether it has substantial need for

the witness statements to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. On or before **August 15, 2008**, Defendants may respond to EEOC's Supplemental Brief. No reply will be permitted.

Dated: July 14, 2008

                                            BY THE COURT:

                                            <u>  s/ Kristen L. Mix            </u>
                                            U.S. Magistrate Judge
                                            Kristen L. Mix