IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01935–EWN–KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

and

ALBERT HOFFMAN, as Trustee for the Estate of Debtors Kelly and David Altizer,
JENNIFER TURNER-RIEGER, and
HEATHER JOFFE,

     Intervenors,

v.

OUTBACK STEAK HOUSE OF FLORIDA, INC., and
OS RESTAURANT SERVICES, INC., d/b/a/ Outback Steakhouse,

     Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

     This case involves a civil public enforcement action brought by the Equal Employment

Opportunity Commission ("EEOC") alleging that Defendants Outback Steakhouse of Florida,

Inc. and OS Restaurant Services, Inc., d/b/a Outback Steakhouse (hereinafter "Defendants")

engaged in a pattern or practice of discriminating against women by failing to hire and promote

them and by discriminating against them in terms and conditions of employment. This matter is

before the court on: (1) "Defendants' Motion for Automatic Evidence Preclusion Regarding Exhibit 1 to the EEOC's Response to Defendants' Motion for Summary Judgment and Exhibit B–30 to Intervenors' Response to Defendants' Motion for Summary Judgement, Pursuant to FED. R. CIV. P. 37(c)(1)," filed February 4, 2008; (2) "Defendants' Motion for Automatic Evidence Preclusion Regarding Declarations Attached as Exhibits to the EEOC and Intervenors' Responses to Defendants' Motion for Summary Judgement, Pursuant to FED. R. CIV. P. 37(c)(1)," filed February 22, 2008; (3) "Defendants' Motion for Summary Judgment [Against the EEOC]," filed December 7, 2007; and (4) "Defendants' Motion for Summary Judgment Against Intervenors," filed December 7, 2007. Jurisdiction is premised upon 28 U.S.C. §§ 1331 and 1343.

## FACTS

### 1.    *Factual Background*

Familiarity with those facts of this case set out in the court's November 2, 2007 order is assumed. (Order and Mem. of Decision at 2–10 [filed Nov. 2, 2007] [hereinafter the "November 2, 2007 Order"].) The court reviews only the facts relevant to the resolution of instant motions, which center around excluding the expert's regional report and witness declarations.

### a.    *In General*

On September 28, 2006, the EEOC filed suit against Defendants in this court, alleging that since at least the year 2000, Defendants engaged in a pattern or practice of denying women equal opportunities in hiring, promotion, training, and terms and conditions of employment. (Compl. and Jury Demand ¶ 8 [filed Sept. 28, 2006] [hereinafter "Compl."].) On December 4,

2006, Plaintiffs Jennifer Turner-Rieger and Kelly Altizer, employees of Outback Steakhouse, filed an intervenor complaint alleging same. (Compl. in Intervention and Jury Demand [filed Dec. 4, 2006].) In January 2007, all plaintiffs filed an amended complaint making substantially the same allegations as their initial complaints. (*See* Am. Compl. in Intervention and Jury Demand [filed Jan. 26, 2007]; EEOC's First Am. Compl. and Jury Demand [filed Jan. 30, 2007].) On September 10, 2007, the court granted the motion to intervene of Albert Hoffman, the Trustee for the estate of Ms. Altizer. (Order [filed Sep. 10, 2007].) On November 2, 2007, the court granted the motion of Heather Joffe, another employee of Defendants, to intervene as party plaintiff. (Order and Memorandum of Decision [filed Nov. 2, 2007].)

On January 16, 2007, triggered by the parties' disagreement as to the scope of this litigation — nationwide versus regional — Defendants filed a motion for a protective order asking Magistrate Judge Boyd N. Boland, in part, to limit discovery to a three-state region of Colorado, Wyoming and Montana. (The November 2, 2007 Order at 9.) On March 1, 2007, the magistrate judge issued an order memorializing his oral decision to permit Plaintiffs to seek nationwide discovery. (*Id.* at 10.) The magistrate judge found both the EEOC's investigation and conciliation were not limited to a three-state region, but were — at least in part — national in scope. (*Id.*) Based on this factual determination, the Magistrate judge found that Defendants had received adequate notice of the national scope of Plaintiffs' claims. (*Id.*)

On June 18, 2007, Defendants filed a motion to dismiss the EEOC's nationwide claims. (*Id.* at 11.) On November 2, 2007, the court found that it was not bound by the factual determinations made in the magistrate judge's order and dismissed the EEOC's nationwide

claims.  (*See id.*)  In its November 2, 2007 order, this court found that the EEOC failed to adequately notify Defendants of the potential national scope of the charges against them and is therefore limited to seeking legal redress in the three-state-region of Colorado, Wyoming, and Montana, managed by regional Joint Venture Partner ("JVP") Tom Flanagan.  (*See id.*)

### b.    *Pretrial Disclosures*

#### i.    *The Expert Reports*

Dr. Janice Madden, the EEOC's statistical expert, and Dr. Joan Haworth, Defendants' statistical expert, submitted their reports — including their rebuttal reports — and were deposed a) after the magistrate judge's determination that the EEOC's investigation was nationwide and not limited to a three-state-region, but b) before the court's dismissal of the EEOC's nationwide claims on November 2, 2007.  (Defs.' Mot. for Automatic Evidence Preclusion Regarding Ex. 1 to the EEOC's Rep. to Defs.' Mot. for Summ. J. and Ex. B–30 to Intervenors' Resp. to Defs.' Mot. for Summ. J., Pursuant to Fed. R. Civ. P. 37[c][1] [filed Feb. 4, 2008] [hereinafter "Defs.'Report-Preclusion Br."] at 3–6.)  Drs. Madden and Haworth submitted their reports and were deposed while Defendants' Motion for Protective Order and Motion to Dismiss were pending.  (*Id.*)  Dr. Madden's report was nationwide in scope.  Dr. Haworth's report also discussed the three-state region of Colorado, Wyoming, and Montana.  (*Id.* at 5–6.)

On December 7, 2007, Defendants filed their motions for summary judgment against the EEOC and Intervenors.  (Defs.' Mem. Br. in Supp. of Mot. for Summ. J. Against Pl. EEOC [filed Dec. 7, 2007] [hereinafter "Defs.' S.J.EEOC. Br."]; Defs.' Mem. Br. in Supp. of Mot. for Summ. J. Against Intervenors [filed Dec. 7, 2007] [hereinafter "Defs.' S.J.Intervenors Br."].)  The

EEOC and Intervenors (hereinafter "Plaintiffs") attached Dr. Madden's three-state-region report, dated December 31, 2007, to their responses to Defendants' motions for summary judgment. (*See* Pls.' Resp. to Defs.' Mot. for Summ. J. Against Pl. EEOC [filed Jan. 28, 2008] [hereinafter "EEOC's S.J. Resp."], Ex. 1 [Dr. Madden's Regional Report]; Intervenors' Mem. Br. in Resp. to Defs.' Mot. for Summ. J. Against Intervenors [filed Jan. 28, 2008] [hereinafter "Intervenors' S.J. Resp."], Ex. B–30 [Dr. Madden's Regional Report].)

### ii.    *Individual Likely to Have Discoverable Information*

On January 30, 2007, the EEOC disclosed the names of twenty two individuals likely to have discoverable information (hereinafter "potential witnesses") in its Initial Disclosures filed pursuant to Federal Rule of Civil Procedure 26(a). (Defs.' Mot. for Automatic Evidence Preclusion Regarding Decls. Attached as Exs. to the EEOC and Intervenors' Responses to Defs. Mot. for Summ. J., Pursuant to Fed. R. Civ. P. 37[c][1] [filed Feb. 22, 2008] [hereinafter "Defs.' Decls.-Preclusion Br."] at 3.) Similarly, on January 26, 2007, Intervenors Turner-Rieger and Altizer disclosed the names of twenty seven potential witnesses in their Initial Disclosures filed pursuant to Federal Rule of Civil Procedure 26(a). (*Id.*)

On March 28, 2007, the EEOC served its responses to Defendants' Interrogatories explaining that:

> [a]s of this filing, 136 individuals have returned a form indicating their interest in participating in the lawsuit. EEOC is in the process of gathering information sufficient to determine whether these individuals allege facts indicating they were subject to the pattern and practice of discrimination alleged in the EEOC complaint. EEOC will promptly advise Defendant of any individual determined by EEOC to be a person for whom EEOC is seeking relief.

(*Id*. at 3–4.)  On April 5, 2007, the EEOC reported to the court that one hundred and fifty eight women had returned participation forms requesting that the EEOC seek relief on their behalf. (*Id.* at 4.)  On May 29, 2007, Plaintiffs attached a list of two hundred and fifteen witnesses to the parties' proposed Preliminary Pretrial Order — one hundred and eighty six participants and twenty nine witnesses.  (*Id.*)  On August 13, 2007, the Intervenors disclosed the names of two hundred and thirteen potential witnesses.  (*Id*. at 5.)  On October 26, 2007, the EEOC disclosed the names of another twenty female former employees.  (*Id.*)

On December 4, 2007, the EEOC supplemented its Response to Defendants' First Set of Interrogatories and identified thirteen individuals as EEOC class members.  (*Id*. at 6.)  On December 17, 2007, the EEOC added one more individual to its list of potential witnesses.[1]  (*Id.*)

On December 20, 2007, the magistrate judge adopted the parties' proposed Preliminary Pretrial Order which stated:

> The names, addresses, and telephone numbers of any additional non-expert witness must be disclosed in writing to opposing counsel within ten (10) days of the date on which they become known or, in the exercise of due diligence, should have become known.  *See* FED. R. CIV. P. 26(a)(3).  Failure to disclose a witness under the terms of this paragraph precludes listing the witness in the Final Pretrial Order, unless the party can show good cause for the omission.

(Preliminary Pretrial Order [filed Dec. 20, 2007] [hereinafter the "Preliminary Pretrial Order"] at 8.)  Plaintiffs' current list of all potential witnesses was attached to the parties' proposed Preliminary Pretrial Order.  (*See id*. Attach. 1. [Plaintiffs' Witness List].)

---

[1] Dana Musser's name was first disclosed as a class member on October 26, 2007. (Defs.' Decls.-Preclusion Br. at 4.)

The EEOC relied upon declarations of twenty three of the females whose names were disclosed by the EEOC or Intervenors in its response brief. (EEOC's S.J. Resp., Exs. 32–63 [Declarations].) Similarly, Intervenors relied upon three declarations of the females whose names were disclosed by the EEOC or Intervenors in their response brief. (Intervenors' S.J. Resp., Ex. B [Declaration].)

Plaintiffs assert, and Defendants admit, that "at no time after receiving Plaintiff-Intervenors' Initial Disclosures in January 2007 or Plaintiff-Intervenors' Amended Initial Disclosures in August 2007 did Defendants complain about the adequacy of the disclosures." (EEOC and Intervenors' Resp. to Defs.' Mot. for Automatic Evidence Preclusion Pursuant to Fed. R. Civ. P. 37[c][1] [filed Feb. 25, 2008] [hereinafter "Pls.' Report-Preclusion Resp."] at 3–4; Defs.' Reply in Supp. of Mot. for Automatic Evidence Preclusion Regarding Ex. 1 to the EEOC's Resp. to Defs.' Mot. for Summ. J. and Ex. B–30 to Intervenors' Resp. to Defs.' Mot. for Summ. J., Pursuant to Fed. R. Civ. P. 37[c][1] [filed Mar. 3, 2008] [hereinafter "Defs.' Report-Preclusion Reply"] at 8.)

## 2.    *Procedural History*

On December 7, 2007, Defendants filed a motion for summary judgment against the EEOC, and a brief in support thereof, arguing that "[t]he Commission has neither the statistical nor anecdotal evidence to avoid summary judgment on its pattern and practice claims," and "the Commission's disparate impact claims fail, as a matter of law, because of the absence of valid statistical evidence." (Defs.' S.J.EEOC Br. at 2–3.) On January 28, 2008, the EEOC responded offering direct, statistical, and anecdotal evidence of discrimination, as well as evidence of

Defendants' subjective promotion process, concluding that summary judgment is inappropriate. (EEOC's S.J. Resp. at 3–4.) On February 22, 2008, Defendants replied arguing that the statistical and anecdotal evidence that the EEOC offered should be excluded, pursuant to Federal Rules of Civil Procedure 37(c)(1), and that in the absence of such evidence the EEOC's claims fail. (Defs.' Reply in Supp. of Mot. for Summ. J. Against Pl. EEOC [filed Feb. 22, 2008] [hereinafter "Defs.' S.J.EEOC Reply] at 2–3.)

On December 7, 2007, Defendants filed a motion for summary judgment against Intervenors, arguing that each claim asserted by Intervenors "lacks the legal and evidentiary support necessary to avoid summary judgment." (Defs.' S.J.Intervenors Br. at 2.) On January 28, 2008, Intervenors responded, arguing that "Defendants' Motion for Summary Judgment must be denied [because] [c]ontrary to Defendants' assertions, the record establishes that Intervenors can easily meet their burden of proof with respect to all claims." (Intervenors' S.J. Resp. at 2.) On February 28, 2008, Defendants replied, making a similar argument that the evidence Intervenors have offered — the statistical and anecdotal evidence also offered by the EEOC — must be excluded pursuant to Federal Rules of Civil Procedure 37(c)(1). (Defs.' Am. Reply in Supp. of Mot. for Summ. J. Against Intervenors [filed Feb. 28, 2008] [hereinafter "Defs.' S.J.Intervenors Reply"] at 2.)

On February 4, 2008, Defendants filed a motion to exclude the EEOC's expert's regional report, attached to Plaintiffs' responses to Defendants' motions for summary judgment, pursuant to Federal Rule of Civil Procedure 37(c)(1), arguing that the regional report was submitted in violation of Federal Rules of Civil Procedure 26(a)(2) and 26(e). (Defs.'Report-Preclusion Br.)

On February 25, 2008, the Plaintiffs responded.  (Pls.' Report-Preclusion Resp.)  On March 14,

2008, Defendants replied.  (Defs.' Report-Preclusion Reply.)

On February 22, 2008, Defendants filed a motion to exclude certain declarations attached

to Plaintiffs' responses to Defendants' motions for summary judgment, pursuant to Federal Rules

of Civil Procedure 26 and 37(c)(1).  (Defs.' Decls.-Preclusion Br.)  On March 13, 2008,

Plaintiffs responded.  (EEOC and Intervenors' Resp. to Defs.' Mot. for Automatic Evidence

Preclusion Pregarding [sic] Decls. Attached as Exs. to the EEOC and Intervenors' Responses to

Defs.' Mot. for Summ. J., Pursuant to Fed. R. Civ. P. 37[c][1] [filed Mar. 13, 2008] [hereinafter

"Pls.' Decls.-Preclusion Resp."].)  On March 31, 2008, Defendants replied.  (Defs.' Reply in

Supp. of Mot. for Automatic Evidence Preclusion Regarding Decls. Attached as Exs. to the

EEOC and Intervenors' Responses to Defs.' Mot. for Summ. J., Pursuant to Fed. R. Civ. P.

37(c)(1) [filed Mar. 31, 2008] [hereinafter "Defs.' Decls.-Preclusion Reply"].)

## ANALYSIS

### 1.     *Legal Standards*

#### a.        *Motion for Summary Judgment*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant

summary judgment where "the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d

1513, 1517 (10th Cir. 1994).  The moving party bears the initial burden of showing an absence

of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex,* 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* FED. R. CIV. P. 56(e). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

      *b.*        **FED. R. CIV. P. 26**

      Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that a party must disclose to other parties in advance of formal discovery "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." *See* FED. R. CIV. P. 26(a)(1)(A).

Also, Federal Rule of Civil Procedure 26(e) provides:

> (1) In General. A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

> (B) as ordered by the court.

> (2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

FED. R. CIV. P. 26(e).

### c.    *FED. R. CIV. P. 37(c)(1)*

Pursuant to Rule 37(c)(1):

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [which govern initial disclosures and required supplements thereof] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

*See* FED. R. CIV. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a

failure to disclose." *Id.* (citation omitted). "Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (citations omitted). "The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1)." *Sender v. Mann*, 225 F.R.D. 645, 655–56 (D. Colo. 2004) (citing *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 [D. Kan. 1995]).

"While Rule 37(c)(1) is written in mandatory terms, it also vests the court with discretion to impose 'other appropriate sanctions' in addition to or in lieu of an order striking witnesses or evidence not properly disclosed." *Id.* (citing *Woodworker's*, 170 F.3d at 993 [recognizing that Rule 37(c) vests broad discretion with the trial court]; *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 [9th Cir. 2001] [noting that the district court's discretion should be given particularly wide latitude in imposing sanctions under Rule 37(c)(1)]; *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 [1st Cir. 2001] [holding that district courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations]).

## 2.     *Evaluation of Claims*

At the outset, the court notes that "[m]otions to strike are disfavored, particularly in the context of motions for summary judgment." *Lobato v. Ford*, No. 05-cv-01437-LTB-CBS, 2007 WL 2593485, *11 (D. Colo. 2007) (citing *Sun v. Board of Trustees*, 429 F. Supp. 2d 1002, 1030 (C.D. Ill. 2006), *aff'd* 473 F.3d 799 (7th Cir. 2007), *cert. denied*, 127 S.Ct. 2941 [2007].).

In this case, Defendants' motions for summary judgment are based mainly on the argument that Plaintiffs are not capable of supporting their claims of discrimination with statistical and anecdotal evidence regarding the three-state region of Colorado, Wyoming and Montana, as required by law. (*See* Defs.' S.J.EEOC. Br.; Defs.' S.J.Intervenors Br. *passim*.[2]) Accordingly, the court's determination of whether Plaintiffs' regional expert report and declarations of potential witnesses should be excluded will have a direct impact on Defendants' pending motions for summary judgment.

In their motion for summary judgement against the EEOC, Defendants argue that (1) "[t]he Commission's statistical evidence fails because it is undisputed that its expert never performed an analysis of the specific labor pools in Joint Venture Partner Thomas Flanagan's region," (2) "the Commission's anecdotal evidence is inadequate because its anticipated witnesses cannot show that they were overwhelmingly more qualified than their male comparators," and (3) "the Commission cannot rely on Outback's alleged overly-subjective practices as evidence of discrimination [because] [i]n the absence of relevant statistical evidence, an employer's subjective practices, by themselves, prove nothing." (Defs.' S.J.EEOC Br. at 2–3.)

The EEOC responds arguing that:

---

[2] (*See also* Defs.' S.J.EEOC Reply at 3. [stating that "[w]hile Defendants do not deny that there are many disputed facts in this case, none of the facts in dispute have any bearing on whether the EEOC does in fact have any statistical evidence, and whether its anecdotal evidence can compensate for its lack of statistical evidence."])

As proof of the discriminatory pattern or practice alleged in the EEOC's complaint, EEOC proffers four categories of evidence: (a) direct evidence in the form of Tom Flanagan's express policy statement that he does not promote women; (b) statistical analysis of Outback's employee data for Region 47[3] showing large disparities in the number of women promoted, well beyond the threshold necessary to be statistically significant for purposes of inferring discrimination; (c) anecdotal evidence from women who worked in Region 47 and were victims of the discrimination; and (d) evidence of Outback's subjective promotion process. This evidence is more than sufficient prima facie evidence of a pattern or practice of disparate treatment discrimination, and is also more than sufficient to establish a prima facie case of disparate impact discrimination. Accordingly, summary judgment is inappropriate.

(EEOC's S.J. Resp. at 3–4.)

In both reply briefs in support of their motions for summary judgment against the EEOC and Intervenors, Defendants argue that their motions for summary judgment should be granted because the statistical (Dr. Madden's three-state-region report) and anecdotal (declarations of potential witnesses) evidence offered by Plaintiffs should be excluded, and as a result of such exclusion, and in the absence of such evidence, Plaintiffs' claims lack legal support. (*See* Defs.' S.J.EEOC. Reply; Defs.' S.J.Intervenors Reply.)

### a. The Expert's Three-State-Region Report

As mentioned above, Defendants moved to exclude Dr. Madden's regional report — dated December 31, 2007, attached as Exhibit 1 to the EEOC's response to Defendant's motion for summary judgment and Exhibit B–3 to Intervenors' response to Defendants' motion for summary judgment — and preclude Dr. Madden from offering any testimony based on this report. (*See* Defs.' Report-Preclusion Br.) Defendants argue that the report was "submitted well

---

[3] Region 47 is the three-state region of Colorado, Wyoming, and Montana.

after the expert disclosure deadline, flout the mandatory expert disclosure requirements of Rule 26(a)(2) and 26(e)," and that "the EEOC is unable to show that its failure to timely disclose Dr. Madden's new opinions was substantially justified or harmless." (*Id*. at 2.)

i.      *FED. R. CIV. P. 26(a)(2)*

More specifically, Defendants argue that "[t]he EEOC's disclosure of Dr. Madden's December 31, 2007 report fails to comply with Rule 26(a)(2)" because Dr. Madden's September 4, 2007 report and October 12, 2007 rebuttal report "did not include a regional analysis." (*Id*. at 9.)

Defendants guide the court to the parts relevant to the disclosure of expert testimony of Federal Rule of Civil Procedure 26 which provides:

> (B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them.

FED. R. CIV. P. 26(a)(2)(B).

However, Rule 26 also provides:

> (1) In General. A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or

corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

(2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

FED. R. CIV. P. 26(e) (Supplementing Disclosures and Responses).  Pursuant to Rule 26(a)(3) "[u]nless the court orders otherwise, these [pretrial] disclosures must be made at least 30 days before trial."  FED. R. CIV. P. 26(a)(3)(B) (Time for Pretrial Disclosures).

Accordingly, unless Defendants demonstrate that Dr. Madden's report was not properly supplemented pursuant to Rules 26(e) and 26(a)(3)(B), their first argument that the EEOC violated Rule 26(a)(2) lacks merit.  As discussed below, *see Analysis* §§ 2(a)(i)(A), 2(a)(ii), *infra*, the court finds that Defendants have failed to so demonstrate.

### A.    *Supplementing the Report Pursuant to Rules 26(e) and 26(a)(3)*

Defendants also argue that "Dr. Madden's December 31, 2007 report fails to comply with Rule 26(e), as it is not a 'supplemental' report."  (*See* Defs.' Report-Preclusion Br. at 10.)  "Rule 26(e)(1) permits, indeed requires, that an expert supplement his report and disclosures in certain limited circumstances . . . [, *i.e.,*] when the party or expert learns the information previously disclosed is incomplete or incorrect in some material respect."  *Cook v. Rockwell Intern. Corp.*, No. 90-cv-00181-J, 2006 WL 3533049, at *87 (D. Colo. 2006) (citing FED. R. CIV. P. 26[e]; *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 953–54 [10th Cir. 2002]).  "A supplemental expert

report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." *Id*. (citations omitted). Permissible supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Id.* (citing *Kenner v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998); *Beller v. United States*, 221 F.R.D. 689, 694–95 [D. N.M. 2003]).

Defendants allege that *Cook* holds that "Rule 26(e)(1) limits supplementation to ***correcting report or completing a previously incomplete report with data not available at the time of the first report***." (Defs.' Report-Preclusion Br. at 10 [emphasis in original].) Plaintiffs respond arguing:

> The [Cook] opinion states that supplementation is limited to correcting inaccuracies based on <u>information</u> that was not available at the time of the initial disclosure. Cook at * 287. Here, the fact that the case would be limited to Region 47 is information that was not available at the time the initial expert reports were due. Moreover, any contrary reading of Cook would be inconsistent with clearly established Tenth Circuit authority. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999) (allowing expert to testify at trial on new damages theory because the data had been known to both parties and because of the intervening court's decision limiting the scope of the litigation).

(Pls.' Report-Preclusion Resp. at 6. [emphasis in original].)

Defendants also contend that Dr. Madden's December 31, 2007 report is not a supplementation because it neither corrects inaccuracies in her earlier report nor is based on data that was not previously available to her. (Defs.' Report-Preclusion Br. at 11.) Finally,

Defendants assert that "Dr. Madden's report contains new opinions," and therefore, "does not qualify as a valid Rule 26(e) supplement of her earlier report." (*See id.* at 11–12.)

The EEOC responds that

> Dr. Madden's supplemental report is nearly identical to her initial report except that it limits her analysis to the regional data. [Exhibits 3 and 4]. Dr. Madden utilized the same analytical approach, discussed the same problems she has with the data, analyzed a subset of the same data set she originally analyzed, and reached the same conclusions (albeit limited to Region 47). Indeed, the only change in the report is that she limits her analysis to a subset of the data she analyzed in her original report. Id.

(Pls.' Report-Preclusion Resp. at 4.) Additionally, Plaintiffs argue that because Defendants' expert had criticized Dr. Madden's original report for failure to conduct a regional analysis, "Plaintiffs were entitled to supplement their report to respond to any criticism by Defendants' experts." (Pls.' Report-Preclusion Resp. at 13 [citing *Miller v. Pfizer, Inc*., 356 F.3d 1326 [10th Cir. 2004].)

As mentioned above, in this case, (1) the magistrate judge's order allowed the EEOC to conduct a nationwide investigation at the time the parties' experts were preparing their reports and were being deposed, and (2) this court's November 2, 2007 order changed the scope of the litigation. This presents a unique scenario that supports the EEOC's position. The court finds that narrowing the case from nationwide to regional created new information that was not available to the parties at the time the expert reports — including the rebuttal report — were being drafted and the experts were being deposed. Accordingly, Dr. Madden's three-state-region report, addressing this new information, was an effort to supplement her original report which

was based on the magistrate judge's order at the time.  Therefore, the court finds that Dr. Madden's original report was properly supplemented by her three-state-report under Rule 26.

Moreover, as mentioned above, a supplemented Pretrial Disclosure is timely if it complies with Rule 26(a)(3) which provides that disclosures must be made at least thirty days before trial, unless the court orders otherwise.  *See* FED. R. CIV. P. 26(a)(3)(B)  Defendants do not claim that Dr. Madden's report was filed in violation of Rule 26(a)(3)(B).  Nevertheless, they argue that Dr. Madden's three-state-region report is untimely merely because it "came four months after the expert opinion disclosure deadline and only after Defendants filed for summary judgment."  (Defs.' Report-Preclusion Br. at 19; *see also id.* at 6.)

Plaintiffs respond:

> The supplemental report was timely produced as no trial date has been set, the final pretrial disclosures have not been made, and the supplemental report was produced within the time frame expressly provided by this Court in its Civil Practice Standards. [*See* CHIEF JUDGE NOTTINGHAM'S PRACTICE STANDARDS - CIVIL at p. 21]

(Pls.' Report-Preclusion Resp. at 4.)  Defendants fail to address this issue in their reply brief.

Therefore, because (1) Plaintiffs had announced their intention to supplement Dr. Madden's report in the Preliminary Pretrial Order, (*see* Preliminary Pretrial Order at 9,) and (2) no trial date has been set in this case, and considering (3) the fact that Defendants' have failed to provide any factual or legal support for their allegation to the contrary, the court finds that Dr. Madden's report was filed in compliance with Rule 26(a)(3)(B).  Accordingly, Dr. Madden's report was properly supplemented pursuant to Rules 26.

### ii. *Substantial Justification Under Rule 37(c)(1)*

Plaintiffs argue, and the court agrees, that even if the court were to find that Dr. Madden's three-state-region report was filed in violation of Rule 26(a), pursuant to Rule 37(c)(1), the EEOC would still be permitted to use the report as evidence at a trial, at a hearing, or on a motion, if it can show that its failure to disclose is substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1); (Pls.' Report-Preclusion Resp. at 8.)

The parties agree that the Tenth Circuit considers four factors to determine whether the failure to disclose is justified or harmless. *Jacobsen*, 287 F.3d at 953 (citing *Woodworker's*, 170 F.3d at 993; (*see also* Defs.' Report-Preclusion Br. at 12; Pls.' Report-Preclusion Resp. at 8.) The first element the court should consider is "the prejudice or surprise to the party against whom the testimony is offered." *Woodworker's*, 170 F.3d at 993. Defendants argue that they have been prejudiced and "ambushed by Dr. Madden's new opinion." (Defs.' Report-Preclusion Br. at 14, 19.) Plaintiffs respond that Defendants were fully aware of their intention to supplement Dr. Madden's September 4, 2007 report, citing to the parties' proposed Preliminary Pretrial Order, filed December 14, 2007, that notes the parties' disagreement as to whether Plaintiffs can supplement Dr. Madden's September 4, 2007 report. (Pls.' Report-Preclusion Resp. at 10.).

In light of the fact that all the expert disclosures in this case were made before the court's November 2, 2007 order — while the parties were in the midst of a nationwide discovery in compliance with the magistrate judge's March 1, 2007 Order — the court finds it hard to imagine how Defendants could have been surprised, prejudiced, or ambushed by Dr. Madden's

-20-

three-state-region report addressing the newly drawn regional scope of the instant litigation according to the court's November 2, 2007 order, *cf. Summers v. Missouri Pacific R.R. System*, 132 F.3d 599, 605 (10th Cir. 1997) — especially because Defendants' argument heavily relies on their alleged expectation that Dr. Madden should have performed a regional analysis (like Defendants' own expert) even before the court narrowed the scope of the case from nationwide to regional. (*See* Defs.' Report-Preclusion Br.; Defs.' Report-Preclusion Reply.)

Therefore, the court finds that Defendants have failed to demonstrate that Dr. Madden's three-state report surprised or prejudiced them. Moreover, as discussed below, to avoid the possibility that this report could have actually prejudiced Defendants, the court will allow the parties to cure any such alleged prejudice. *See Moss v. Feldmeyer*, 979 F.2d 1454, 1459 (10th Cir. 1992) (holding that the plaintiff was not prejudiced or surprised because the experts were designated as witnesses in the pretrial order; the plaintiff received a summary of the experts' reports prior to their trial testimony; and the experts were available for discovery prior to testifying.)

The second factor is "the ability of the party to cure the prejudice." *Woodworker's*, 170 F.3d at 993. Plaintiffs argue that "there is ample opportunity for Defendants to submit an additional rebuttal report," and to "re-depose Dr. Madden, although they have previously declined Plaintiffs [sic] offer to make her available." (Pls.' Report-Preclusion Resp. at 11.) Defendants do not explain why re-deposing Dr. Madden could not cure any alleged prejudice,[4]

_____

[4] Considering the fact that Defendants have already "submitted an expert report analyzing only the region." (*See* Defs.' Report-Preclusion Reply at 2.)

but nevertheless submit their request to re-depose Dr. Madden and file a new rebuttal report and summary judgment motions.  (Defs.' Report-Preclusion Reply at 11–12.)

Defendants' only argument seems to be that they are prejudiced because allowing the allegedly untimely disclosure of the three-state-region report prevents them from disposing of Plaintiffs' claims on summary judgment.  (Defs.' Report-Preclusion Reply at 11.)  Defendants, however, do not offer any legal authority for their proposition that Federal Rule of Civil Procedure 26(a) is aimed at disposal of claims on summary judgment as opposed to preventing surprise and prejudice at trial.  (*Id.*)  Contrary to Defendants' proposition, the purpose of Rule 26(a) is

> "to set forth the substance of the direct examination." Fed. R. Civ. P. 26(a)(2) advisory committee note (1993). Such disclosure is necessary to allow the opposing party "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Id.

*Jacobsen*, 287 F.3d at 953.

Moreover, as Plaintiffs argue

> Defendants have . . . failed to articulate the basis of their prejudice. Defendants have not explained whether they were allegedly prejudiced because they filed a motion they would not have filed had they been aware of Dr. Madden's supplemental report, or whether, they would have still filed a motion but on a different ground. If Defendants believe that their motion is now worthless, the exclusion of Dr. Madden's report is not warranted as this prejudice can be mitigated in a much more appropriate fashion. If, on the other hand, Defendants contend that they would have filed their motion on a different basis, they have not articulated that basis, nor why they could not have argued this basis as an alternative basis for summary judgment in the motion.

(Pls.' Report-Preclusion Resp. at 12 n.9.)  Defendants do not address this issue in their Reply

Brief.[5]  Based on the foregoing, the court finds that any alleged prejudice to Defendants will be

cured by allowing them to re-depose Dr. Madden.

The third factor addresses "the extent to which introducing such testimony would disrupt

the trial."  *Woodworker's*, 170 F.3d at 993.  At the outset, the court notes that no trial date has

been set in this case.  Plaintiffs claim that "Dr. Madden's supplemental report is nearly identical

to her original report and therefore will not lead to significant additional discovery, if any," and

"both the deposition and supplemental report can be done quickly and will not affect any trial

date or otherwise disrupt the proceedings in this case."  (Pls.' Report-Preclusion Resp. at 15.)

Defendants argue that "[c]ontrary to Plaintiffs' assertions, there is not 'ample opportunity' to

redepose Dr. Madden and submit an additional rebuttal report, as it will take a minimum of few

months to conduct the additional depositions, file the additional report, and brief summary

judgment issues all over again."  (Defs.' Report-Preclusion Br. at 12.)

---

[5] Moreover, Plaintiffs state that:

> Plaintiffs further offered that they would not oppose an extension for
> Defendants to file their summary judgment replies until after Defendants
> were able to take Dr. Madden's deposition, and thus Defendants could
> include any information they obtained from their second deposition of Dr.
> Madden in their reply. Defendants declined Plaintiffs' offers. Defendants
> further refused to offer any other suggestions for how to cure any alleged
> prejudice.

(Pls.' Report-Preclusion Resp. at 14.)  Again, Defendants do not address this
issue in their reply brief.  (*See* Defs.' Report-Preclusion Reply *passim*.)

Based on the foregoing, in light of (1) the November 2, 2007 decision granting Defendants' motion to dismiss the EEOC's nationwide case, (2) the fact that there is no set trial date in this case, and (3) considering the fact that Defendants do not deny Plaintiffs' allegation that they rejected Plaintiffs' offer to file their summary judgment replies after they were able to take Dr. Madden's deposition, the court finds that giving Defendants the opportunity to re-depose Dr. Madden, although perhaps not optimal, is the most reasonable resolution to avoid prejudice to either party.

Finally the fourth factor to consider is "the moving party's bad faith or willfulness." *Woodworker's*, 170 F.3d at 993. Defendants concede that "there is no direct evidence of bad faith," but still argue that "the EEOC has engaged in bad faith by ambushing Defendants with Dr. Madden's late report." (Defs.' Report-Preclusion Br. at 16.) More specifically, Defendants argue that even in the absence of any direct evidence of bad faith "late disclosure can nonetheless be found to be 'not harmless [sic].'" (Defs.' Report-Preclusion Reply at 14.)

Plaintiffs, however, argue that (1) Defendants would be ambushed only if the report was produced immediately prior to trial, (citing *Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 192 F.R.D. 511 [D.C. Md. 2000]), (2) immediately after the court's November 2, 2007 Order, the EEOC notified Dr. Madden of the need to supplement her report, and (3) Defendants fail to show that Plaintiffs willfully withheld any information and engaged in any bad faith. (Pls.' Report-Preclusion Resp. at 15–16.) The court agrees and finds that Defendants have failed to demonstrate that Plaintiffs acted with bad faith. Based on the foregoing, the court finds that

Defendants have failed to satisfy any of *Woodworker's* requirements to prove that the alleged

untimely supplementation fo Dr. Madden's report was not justified or harmless.

Additionally, Defendants argue that the EEOC's failure to disclose the three-region

report  is not justified because

> the EEOC failed to submit a supplemental report from Dr. Madden . . . [until]
> nearly five weeks after the Court's Order[,] . . . did not appeal the Court's
> Order, seek leave to file a supplemental expert report, seek to extend the
> discovery period or the dispositive motion deadline, or take any other action
> based on the Court's Order that would indicate that it planned to file a
> supplemental report from Dr. Madden or that it believed such a report was
> necessary.

(Defs.' Report-Preclusion Br. at 13–14.)  Defendants also allege that the EEOC felt the need to

file the three-state-region report only after Defendants filed their motion for summary judgment.

(*Id.* at 19.)  Plaintiffs responded by attaching the EEOC letter asking Dr. Madden to supplement

her September 4, 2007 report in response to the court's November 2, 2007 order, (Pls.' Report-

Preclusion Resp. at 5, Ex. 1 [the EEOC's 11/9/07 Letter to Dr. Madden]), and by arguing:

> Defendants take issue with the fact that Dr. Madden's supplemental report was
> not filed within the 5 weeks between the Court's November 2 ruling and the
> December 7 dispositive motions deadline. However, there was no requirement
> that Plaintiffs submit their supplemental report during this timeframe and
> Plaintiffs had no idea that Defendants intended to rely solely on the fact that
> Dr. Madden had not completed a regional analysis to support its motion for
> summary judgment. Had Defendants asked Plaintiffs, they would obviously
> have informed Defendants that a supplemental report would be forthcoming.
> Moreover, as a governmental entity, the EEOC cannot obligate funds without
> the appropriate authority, which can take some time. *See* Exhibit 2. Finally,
> during the intervening weeks, there were federal holidays during which both
> the EEOC and the expert's offices were closed.

(*Id.* at 4, Ex. 2 [E-mail Correspondence].)

Defendants also argue that because Dr. Madden had the data she would need to perform a regional test she should have done so in anticipation of a probable ruling limiting the scope of litigation. They fail, however, to support this rhetoric with any legal authority. (Defs.' Report-Preclusion Br. at 12–13; *see also* Defs.' Report-Preclusion Reply at 3–4.) Based on the requirements of Rules 26(a) and 26(e), and in light of the Tenth Circuit's four-factor test, the court finds this argument unpersuasive. In any case, it is irrelevant to determining whether the three-state-report was properly supplemented or whether the failure to disclose the report was justified or harmless.

Based on the foregoing, the court finds 1) that Dr. Madden's three-state-region report was a proper supplementation of her initial report, and 2) even if it were not, it should not be excluded under Rule 37(c)(1) because the failure to disclose it was substantially justified. The court, however, in the interest of justice and to avoid any potential prejudice, exercises its discretion to give Defendants the opportunity to re-depose Dr. Madden, and re-submit their motions for summary judgment.

### b. Declarations

#### i. Proper Disclosure of the Declarants

In their motion to exclude the declarations of witnesses attached to Plaintiff's response to Defendants' motions for summary judgment, Defendants allege that "23 of these witnesses . . . were **never disclosed** by the EEOC under Rule 26 of the Federal rules of Civil Procedure, **in blatant violation of the EEOC's obligation** under that rule. (Defs.' Decls-Preclusion Br. at 2. [bold and italics in original; bold and underline added].)

Plaintiffs respond arguing that "Rule 26(e) specifically states that initial disclosures must be supplemented 'if the additional or corrective information *has not otherwise been made known to the other parties during the discovery process or in writing*.' FED. R. CIV. P. 26(e)(1)(A) (emphasis added)." (Pls.' Decls.-Preclusion Resp. at 7.) More specifically, Plaintiffs argue that because the required information regarding each and every claimant whose declarations were attached to Plaintiffs' responses was made known to Defendants during the discovery process in writing — in June 2007, December 2007, and on August 13, 2007, in Intervenors' Rule 26 disclosures — "Plaintiffs were not required to supplement their disclosures pursuant to the plain language of Rule 26(e)." (*Id.*) Moreover, Plaintiffs state that the "Advisory Committee Notes to Rule 37(c) specifically explain, the 'automatic' preclusion sanction should not apply where one party fails 'to list as a trial witness a person so listed by another party.'" (*Id.* at 9)

Defendants reply:

> Plaintiffs fundamentally misunderstood the premise of Defendants' motion. The main thrust of Defendants' original motion was that Plaintiffs' Rule 26(a)(1) disclosures were insufficiently detailed to enable Defendants to anticipate whom Plaintiffs would select as witnesses and accordingly, to conduct discovery with regard to such witnesses. Instead of responding to this argument, however, Plaintiffs devote the bulk of their memorandum *to chanting like a mantra* that their disclosures were sufficient merely because they eventually "identified" their declarants among the over 200 or so individuals in the Intervenors' August 2007 supplemental disclosures. Plaintiffs' argument misses the point and is *merely a straw man* designed to

conceal the inevitable conclusion that their disclosures are inadequate under Rule 26(1)(1).[6]

(Defs.' Decls.-Preclusion Reply at 2–3 [citation omitted] [emphasis added].)  The court takes Defendants' above argument as an inelegant and unskillful withdrawal of their claim that "23 of these witnesses . . . were **never disclosed** by the EEOC under Rule 26 of the Federal rules of Civil Procedure," (Defs.' Decls-Preclusion Br. at 2 [emphasis in original]; *see also id.* **1–11**,) and admission that Defendants were, in fact, aware of the identity of all declarants since August 2007.[7]  Therefore, the court finds that Plaintiffs properly disclosed the declarants' names.

### ii.    *Adequate Disclosures*

The Intervenors' disclosures stated: "This individual has information concerning Defendants' discrimination against female employees, including herself."  (Defs.' Decls.-Preclusion Br. at 11.)  Rule 26 of the Federal Rules of Civil Procedure provides that a party must disclose to other parties in advance of formal discovery "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the

---

[6] The court notes that Defendants' claim regarding failure to make sufficient disclosures was solely addressed to Intervenors, not the EEOC.  (*See* Defs.' Decls.-Preclusion Br. at 11.)

[7] Defendants also claim that Plaintiffs' December disclosures were untimely under Rule 26(a)(1) because they were received after the close of the discovery period.  Defendants, however, do not provide any legal authority in support of this claim.  Defendants "position is contradicted by Rule 26 itself, which plainly contemplates that initial disclosures may reflect as-yet incomplete knowledge."  *Lobato*, 2007 WL 2593485 at *5 (citing *Caldwell-Baker Co. v. Southern Illinois Railcar Co.*, No. CIV.A.00-2380-CM, 2001 WL 789389 [D. Kan. June 5, 2001]).

subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." *See* FED. R. CIV. P. 26(a)(1)(A).

Defendants claim that Intervenors" failed to comply with Rules 26(a) and 26(e) by failing to make sufficient disclosures of the 23 witnesses at issue." (Defs.' Decls.-Preclusion Br. at 11.) Plaintiffs responded arguing that (1) Defendants already possessed adequate information regarding all Declarants, and (2) "Defendants have waived any contention that Plaintiffs' disclosures were inadequate." (Pls.' Decls.-Preclusion Resp. at 9–14.).

"While a party is not necessarily required to provide a minute recitation of the putative witness' knowledge, the Rule 26(a)(1)(A) disclosure should indicate "briefly the general topics on which such persons have knowledge." *Lobato*, 2007 WL 2593485 at *5 (citing ADVISORY COMMITTEE NOTES TO 1993 AMENDMENTS TO RULE 26[a][1][A] [footnote omitted]). "A party's 'reasonable inquiry' prior to making initial disclosures 'will vary based upon such factors as the number and complexity of the issues; the location, number, and availability of potential witnesses and documents; . . . and of course how long the party has to conduct an investigation, either before or after filing the case.'" *Id.* (citing *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 691 [D. Kan. 1996]).

In this case, in February 2007, the EEOC sent notice of the lawsuit to all current and former female employees of the Outback Steakhouse in Colorado, Wyoming, and Montana, "asking them to return participation forms if they believed they were discriminated against on the basis of their gender and wanted to participate in this lawsuit." (Pls.' Decls.-Preclusion Resp. at 3.) Plaintiffs supplemented their initial disclosures in April, May, August, October, and

December 2007.  (Defs.' Decls.-Preclusion Br. at 3–6.)  Plaintiffs' argue that "Defendants do not explain what information they contend was missing from Plaintiffs' disclosures that would have helped them determine which witness to depose.  Other than the specifics of their allegations of discrimination (which parties are clearly not required to disclose in a Rule 26 disclosure)."  (Pls.' Decls.-Preclusion Resp. at 10.)

As mentioned above, "Initial Disclosures should provide the parties 'with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement.'"  *Lobato*, 2007 WL 2593485 at *5 (citations omitted).  Plaintiffs argue that there was no element of surprise in this case since (1) "Defendants had in their possession significant information about each of these witnesses, *i.e.*, that they were claimants in this lawsuit and believed they were discriminated against by Defendants," (2) "a quick search of Defendants' own database would have revealed the witnesses' dates of employment, the length of their tenure, the restaurants where they worked, the positions they held, and their rates of pay," and (3) Defendants had access to all potential witnesses' personnel files.  (Pls.' Decls.-Preclusion Resp. at 10–11.)  The court agrees.

In this case, all females whose names were disclosed to Defendants as individuals with information regarding Defendants' alleged pattern and practice of discriminating against women in Outback Steakhouse restaurants are, currently, or were in the past employees of Defendants.  This gives rise to the presumption that Defendants had detailed information regarding each individual's personnel file and work environment.  Furthermore, Defendants do not deny that they had access to information that could disclose the general topics of each of these individuals'

information.  (Defs.' Decls.-Preclusion Reply *passim*.)  Neither do they explain what kind of information would be adequate in their eyes to eliminate the alleged surprise and prejudice. Thus, the court finds that Plaintiffs' disclosure of the declarants were adequate under Rule 26 because Plaintiffs disclosed the identity of all declarants and the subject of their information, *i.e.*, "information concerning Defendants' discrimination against female employees, including herself," *see* FED. R. CIV. P. 26(a)(1)(A), and contrary to Defendants' allegations the declarations did not "[come] as a complete surprise to Defendants."  (Defs.' Decls.-Preclusion Br. at 17.)

Based on the above facts, the court finds that (1) Defendants had sufficient information regarding the Declarants to eliminate the element of surprise and prejudice, (2) even if there were any surprise or prejudice it will be cured by giving Defendants the opportunity to re-file their motions for summary judgement, (3) considering the fact that the court had already given Defendants the opportunity to re-file their motion for summary judgment, allowing the declarations will not disrupt the trial, and (4) Defendants' mere allegation that Plaintiffs "engaged in bad faith by ambushing Defendants with the declarations," (Defs.' Decls.-Preclusion Br. at 19,) is not adequate.  Therefore, Defendants have failed to provide any evidence to demonstrate bad faith or willfulness on the EEOC's behalf.  Thus, all four of *Woodworker's* factors are satisfied.[8]  *See Woodworker's*, 170 F.3d at 993.

_____

[8] Defendants also — without citing any legal authority — allege that Plaintiffs mislabeled individuals by using two categories of "Participants" and "Witnesses."  (*See*, *e.g*., Defs.' Decls.-Preclusion Reply at 8.)  The court finds Defendants' argument without merit because pursuant to Rule 26 all Plaintiffs are required to do is to disclose the names of "the

Defendants' only substantial argument seems to be that "Rule 26(a)(1) does not permit a party to avoid its mandatory discovery obligations by arguing that the other side could have relied on its own resources to obtain the same information." (Defs.' Decls.-Preclusion Reply at 8 [citing *Lobato*, 2007 WL 2593485 at *5].) Defendants' argument lacks merit because it fails to recognize the distinction between checking the information that already exist in one's own records, which involves only minimal cost and inconvenience, and using one's resources to obtain otherwise unavailable information, typically at considerable expense and difficulty. In this case, unlike *Lobato,* Plaintiffs do not argue that Defendants needed to use their own resources to obtain the information. Instead, they argue that all Defendants needed to do was to check their own records for information regarding all potential witnesses. The court agrees and finds that Defendants cannot rely on their failure to use the information already available to them to argue surprise and prejudice.

Additionally, Defendants had, but failed to exercise, the opportunity to ask for more specific information that could help them to pick the witnesses to depose. Defendants' claim that they "did not discover the deficiencies in Plaintiffs' Rule 26 disclosures until Plaintiffs filed their oppositions to Defendants' summary judgment motions." (Def's Decls.-Preclusion Reply at 8.) There are two problems with this statement. First, again, Defendants' do not explain why Plaintiffs' disclosures were inadequate. This leads the court to join Plaintiffs in speculating that perhaps Defendants' version of "adequate" disclosure includes details of each individual's

---

individuals likely to have discoverable information." FED. R. CIV. P. 26(a)(1)(A). That is what Plaintiffs did.

allegation of discrimination — an impermissible request. Second, this statement contradicts Defendants' assertion in their brief that Plaintiffs' disclosures regarding the subject of declarants' information "is akin to saying that the witnesses have information 'about the case.'" (Defs.' Decls.-Preclusion Br. at 12,) This suggests that Defendants were aware of this alleged inadequacy from the beginning. Considering the inconsistencies of the arguments and changes in Defendants' positions in the pleadings before the court, Defendants leave the court with no choice but to conclude that it is Defendants, not Plaintiffs, who are indulging in "gamesmanship with respect to disclosures." *See Lobato*, 2007 WL 2593485 at *5 (citing ADVISORY COMMITTEE NOTES TO 1993 AMENDMENTS TO FED. R. CIV. P. 26[a]).

Tthe court thus finds that any alleged inadequacy of Plaintiffs' disclosures regarding declarants was substantially justified or harmless under the facts of this case.

### 3. *Conclusion*

Accordingly, the court finds that the sanction specifically requested by Defendants — exclusion of Dr. Madden's three-state-region report and declarations — is unwarranted. *See Summer*s, 132 F.3d at 604 ("The decision to exclude evidence is a drastic sanction." [citation omitted]); *see also Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000) ("[I]n a case such as this where exclusion necessarily entails dismissal of the case, the sanction "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." [citation omitted].).

1. DEFENDANTS' Motion for Automatic Evidence Preclusion Regarding Exhibit 1 to the EEOC's Response to Defendants' Motion for Summary Judgment and

Exhibit B–30 to Intervenors' Response to Defendants' Motion for Summary Judgement, Pursuant to Fed. R. Civ. P. 37(c)(1) (# 247) is DENIED.

2.     DEFENDANTS' Motion for Automatic Evidence Preclusion Regarding Declarations Attached as Exhibits to the EEOC and Intervenors' Responses to Defendants' Motion for Summary Judgement, Pursuant to FED. R. CIV. P. 37(c)(1) (# 253) is DENIED.

3.     DEFENDANTS' Motion for Summary Judgment Against the EEOC (# 217) is DENIED.

4.     DEFENDANTS' Motion for Summary Judgment Against Intervenors (# 220) is DENIED.

5.     DEFENDANTS have twenty days from the date of this order to re-depose Plaintiffs' expert, Dr. Madden.

6.     DEFENDANTS have 45 days from the date of this order to re-submit their motion(s) for summary judgment.

Dated this 20th day of August, 2008.

BY THE COURT:


<u>s/ Edward W. Nottingham</u>
EDWARD W. NOTTINGHAM
Chief United States District Judge