IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01935–EWN–KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

ALBERT HOFFMAN, as Trustee for the Estate of Debtors Kelly and David Altizer,
JENNIFER TURNER-RIEGER, and
HEATHER JOFFE,

    Intervenors,

v.

OUTBACK STEAK HOUSE OF FLORIDA, INC., and
OS RESTAURANT SERVICES, INC., d/b/a/ Outback Steakhouse,

    Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This case involves a civil public enforcement action brought by the Equal Employment Opportunity Commission ("EEOC") alleging that Defendants Outback Steakhouse of Florida, Inc. and OS Restaurant Services, Inc., d/b/a Outback Steakhouse engaged in a pattern or practice of discriminating against women by failing to hire and promote them and by discriminating against them in terms and conditions of employment. This matter is before the court on

"Intervenor Altizer's Motion for Reconsideration," filed September 10, 2007. Jurisdiction is premised upon 28 U.S.C. §§ 1331 and 1343.

**FACTS**

*1.    Factual and Procedural Background*

The facts relevant to this motion are set out in the court's August 27, 2007 order. (Order and Mem. of Decision [filed Aug. 27, 2007] [hereinafter "Order"].) Familiarity therewith is assumed.

On August 27, 2007, this court granted Defendants' motion to dismiss Kelly Altizer's claims stating that the Trustee of Ms. Altizer's estate, not Ms. Altizer, is the real party in interest to this action and that the filing of a bankruptcy petition created a bankruptcy estate in which the trustee gained control over all "property of the estate," including "all legal or equitable interest of the debtor in property as of the commencement of the [bankruptcy] case." (*See* Order at 7 [citing 11 U.S.C. § 541[a].) Moreover, the court held that Ms. Altizer "is prohibited from personally collecting monetary damages in the instant action," (*id*. at 16), and that "Trustee's potential recovery is to be capped at the level necessary to satisfy all creditors and the costs and fees incurred by this litigation." (*Id*. [adopting the Eleventh Circuit's reasoning in *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 n.3 [11th Cir. 2004].)

On September 10, 2007, Ms. Altizer file a motion for reconsideration, arguing that the (1) "relief granted by the court is unjust;" (2) she "should not be estopped from obtaining class relief;" and (3) "reconsideration is appropriate, as the court entertained a new argument that was

2

raised for the first time on reply."[1]  (Intervenor Altizer's Mot. for Recons. [filed Sept. 10, 2007] [hereinafter "Pl.'s Br."].)  On September 12, 2007, Ms. Altizer supplemented her motion for reconsideration and asked the court to clarify that her claim for injunctive relief was not dismissed by the Order.  (Intervenor Altizer's Supplement to her Mot. for Recons. [filed Sept. 12, 2007] [hereinafter "Pl.'s Supplemental Br."].)  On October 8, 2007, Defendants responded, arguing that reconsideration is not warranted.  (Defs.' Resp. to Intervenor Altizer's Mot. for Recons. [filed Oct. 8, 2007] [incorporating Defs.' Mot. to Strike Second Am. Compl. in Intervention and Jury Demand (filed Sept. 20, 2007)] [hereinafter "Defs.' Resp."].)  Ms. Altizer replied on October 26, 2007.  (Reply in Supp. of Intervenor Altizer's Mot. for Recons. [filed Oct. 26, 2007] [hereinafter "Pl.'s Reply"].)

## ANALYSIS

"'Although the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, these motions are [normally] accepted as the offspring of [Rule] 59(e), which provides that a motion to alter or amend judgment may be entered within ten days after the entry of the judgment.'"  *Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991) (quoting *Equal Employment Comm'n v. Foothills Title Guar. Co.*, No. 90–A–361, 1991 U.S. Dist. LEXIS 21613, at *9 [D. Colo. Apr. 12, 1991], *aff'd*, 956 F.2d 277 [10th Cir. 1992]).

---

[1] Ms. Altizer admits that she "considered filing a request for leave to file a sur-reply brief, but ultimately elected not to do so."  (Pl.'s Br. at 11.)  She then tries to justify her failure by stating that her deliberate refusal to file a sur-reply brief was "partly out of a desire to avoid burdening the Court with additional motion practice, and partly because, on July 12, 2006, the Court set the Defendants' motion for oral argument in August 2007 . . . ."  (*Id.*)  Even if the court were convinced, having reviewed Ms. Altizer's arguments on the subject, it would adhere to its August 27, 2007 order.

Consideration of Ms. Altizer's motion under Rule 59(e) is premature as no final judgment has been entered in this case.

However, a motion to reconsider may also be appropriate under Rule 60(b), which states that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

As the Federal Rules suggest, a motion to reconsider is granted only under limited circumstances. The Tenth Circuit has explained that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 [10th Cir. 1995]).

Ms. Altizer does not claim that there exists a change in the law or newly discovered evidence. (*See* Pl.'s Br.) Instead, she argues that "the relief ordered by the court is unjust." (Pl.'s Br. at 3.) "Such problems rarely arise and the motion to reconsider should be equally rare." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

4

The court finds that the arguments in Ms. Altizer's motion for reconsideration are essentially the same arguments made in her response to defendants' motion to dismiss. (*See* Pl.'s Br.)  However, a motion to reconsider does not offer a party the opportunity to re-litigate its case after the court has rendered a decision.  *See Servants of the Paraclete*, 204 F.3d at 1012 ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *All W. Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

As mentioned above, in addition to her request for reconsideration, Ms. Altizer requests that the court clarify that the scope of the Order was limited to her monetary damages and that the court did not dismiss her claim for injunctive relief as well.  Ms. Altizer cites to *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289 (11th Cir. 2003) in support of her arguments.  (Pl.s' Br. at 12.)  In *Barger,* the Eleventh Circuit stated that "judicial estoppel does not prohibit Barger from pursuing any claims for injunctive relief that she may have," because her "claim for injunctive relief (i.e. her request for reinstatement) would have added nothing of value to the bankruptcy estate even if she properly disclosed it."  *Barger*, 348 F.3d at 1297.

The court agrees with Ms. Altizer and clarifies that its Order dismissed her monetary claims and not her claim for injunctive relief.

Based on the foregoing, it is therefore ORDERED that:

1. INTERVENOR ALTIZER'S motion for reconsideration (# 160) is DENIED. The court, however, clarifies that its August 27, 2007, order dismissing Ms. Altizer's claims is limited to her monetary claims.

Dated this 20th day of August, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge