IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01935–EWN–KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

ALBERT HOFFMAN, as Trustee for the Estate of Debtors Kelly and David Altizer,
JENNIFER TURNER-RIEGER, and
HEATHER JOFFE,

    Intervenors,

v.

OUTBACK STEAK HOUSE OF FLORIDA, INC., and
OS RESTAURANT SERVICES, INC., d/b/a/ Outback Steakhouse,

    Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This case involves a civil public enforcement action brought by the Equal Employment Opportunity Commission ("EEOC") alleging that Defendants Outback Steakhouse of Florida, Inc. and OS Restaurant Services, Inc., d/b/a Outback Steakhouse (hereinafter "Defendants") engaged in a pattern or practice of discriminating against women by failing to hire and promote them and by discriminating against them in terms and conditions of employment. This matter is

before the court on: (1) "Defendants' Motion Regarding Jury Trial Issues Raised at Parties' December 14, [sic] 2007 Preliminary Pretrial Conference," filed January 25, 2008. Jurisdiction is premised upon 28 U.S.C. §§ 1331 and 1343.

**FACTS**

*1.     Factual and Procedural Background*[1]

On December 20, 2007, Magistrate Judge Kristen L. Mix adopted the parties' proposed Preliminary Pretrial Order. (Preliminary Pretrial Order [filed Dec. 20, 2007] [hereinafter the "Preliminary Pretrial Order"].) The Preliminary Pretrial Order, in pertinent part, states that: (1) there will be a bifurcated jury trial; (2) "[t]he parties estimate that the liability phase (phase I) of the trial will be 10 days;" and (3)

> Defendants also estimate that the damages phase [phase II] of the trial will be decided in a series of mini-trials, heard by the same jury, pursuant to Defendants' Seventh Amendment rights, that could take weeks or months to complete. Plaintiffs do not agree that the damages trials must be heard by the same jury.
>
> Defendants will file a motion regarding the jury issue on or before January 24, 2008.

(Preliminary Pretrial Order at 14.)

On January 25, 2008, Defendants filed a motion regarding the jury trial issues raised at the parties' December 2007 preliminary pretrial conference. (Defs.' Mot. Regarding Jury Trial Issues Raised at Parties' Dec. 14, [sic] 2007 Prelim. Pretrial Conference [filed Jan. 25, 2008]

---

[1] Most of the facts of this case are set out in the court's November 2, 2007, and August 20, 2008 Orders, (*see* Order and Mem. of Decision [filed Nov. 2, 2007] [hereinafter the "11/02/07 Order"] at 2–10; Order and Mem. of Decision [filed August 20, 2008] [hereinafter the "08/20/08 Order"] at 2–7,) and familiarity therewith is assumed.

[hereinafter "Defs.' Br."].) Defendants request that the court (1) bar "Plaintiffs from receiving either a jury trial or compensatory or punitive damages on their disparate impact claims;" (2) preclude "Plaintiffs from presenting punitive damages evidence during the Stage I liability phase of the trial;" and (3) allow "separate trials for each of the individual claimants at the Stage II remedial phase of the trial." (*Id.* at 1.)

On February 14, 2008, the EEOC and Intervenors (hereinafter "Plaintiffs") responded. (EEOC and Intervenors' Resp. to Defs.' Mot. Regarding Jury Trial Issues [filed Feb. 14, 2008] [hereinafter "Pls.' Resp."].) Plaintiffs argue that: (1) "[t]he first issue was unnecessary to brief because Plaintiffs agree that compensatory and punitive damages cannot be recovered for the disparate impact claim, and the claim is decided by the Court, not the jury;" (2) "Defendants rely on a single unpublished case which is readily distinguishable and inapplicable to the situation at bar [to argue that "the phase I jury should not decide punitive damages"], and ignore substantial contrary authority;" (3) Defendants' argument that "the Court must impanel a separate jury for each and every claimant . . . is premature until the class members are identified in phase II" because "until the class members are identified, an informed determination about how and whether claimants' damages claims should be grouped is impossible." (*Id.* at 2.)

On March 3, 2008, Defendants replied. (Reply Mem. in Supp. of Defs.' Mot. Regarding Jury Trial Issues Raised at Parties' Dec. 14, [sic] 2007 Preliminary Pretrial Conference [filed Mar. 3, 2008] [hereinafter "Defs.' Reply"].)

3

*ANALYSIS*

*1.      Legal Standard*

The Supreme Court addressed "the circumstances under which a jury may consider a request for punitive damages under § 1981a(b)(1)" in *Kolstad v. American Dental Association*.[2] *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1245 (10th Cir. 1999) (citing *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 532, 119 S.Ct. 2118, 2123 [1999]).  The Supreme Court noted that:

> although 42 U.S.C. § 1981a(a)(1) provides for "compensatory and punitive damages awards [in] cases of 'intentional discrimination' [s]ection 1981a(b)(1) further qualifies the availability of punitive awards" by requiring proof that the defendant engaged in discriminatory conduct " 'with malice or reckless indifference to the federally protected rights of an aggrieved individual.' " *Kolstad*, 527 U.S. at ----, 119 S.Ct. at 2124 (quoting 42 U.S.C. § 1981a(b)(1)).
>
> The very structure of § 1981a suggests a congressional intent to authorize punitive awards in only a subset of cases involving intentional discrimination. Section 1981a(a)(1) limits compensatory and punitive awards to instances of intentional discrimination, while *§ 1981a(b)(1) requires plaintiffs to make an additional "demonstrat[ion]" of their eligibility for punitive damages*. Congress plainly sought to impose two standards of liability-one for establishing a right to compensatory damages and another, higher standard that a plaintiff must satisfy to qualify for a punitive award. *Id*. at ----, 119 S.Ct. at 2124 (alteration in original).

*Id.* (emphasis added).

In defining this higher standard the Supreme Court stated that

> the proper question is whether the employer engaged in the conduct alleged with the "knowledge that it may be acting in violation of federal law." *Id*. "[A]n employer must at least discriminate in the face of a perceived risk that

---

[2] The Tenth Circuit has noted that "punitive damages analysis is the same for Title VII and ADA claims." *Wal-Mart Stores*, 187 F.3d at 1244 (citing 42 U.S.C.1981[a][2].).

4

its action will violate federal law to be liable in punitive damages." *Id*. at ----, 119 S.Ct. at 2125.

*Id*.

## 2. *Evaluation of Claims*

Defendants' first request that the court bar "Plaintiffs from receiving either a jury trial or compensatory or punitive damages on their disparate impact claims" is moot. The parties have already agreed that "compensatory and punitive damages cannot be recovered for the disparate impact claim, and the claim is decided by the Court, not the jury.[3]" (*See* Defs.' Br. at 1; Pls.' Resp. at 2.) Moreover, Defendants' third request that the court permit "separate trials for each of the individual claimants at the Stage II remedial phase of the trial," (*see* Defs.' Br. at 1,) is premature. (The court will rule on this issue at the appropriate time.) Therefore, the only remaining issue is Defendants' second request that the court preclude "Plaintiffs from presenting punitive damages evidence during the stage I liability phase of the trial." (*See id.*)

---

[3] The court notes that Plaintiffs argue that:

> although the EEOC cannot recover emotional distress damages or punitive damages under a disparate impact theory, the EEOC may obtain injunctive relief, declaratory relief, back pay, front pay, and interest. Moreover, although the disparate impact claim will be tried to the Court, the jury will be the ultimate arbiter of all factual issues that are common with the EEOC's pattern or practice claim. *Allison v. Citgo Petroleum Corp*., 151 F.3d 402, 423 (5th Cir. 1998). Thus, the Court must wait until after the jury makes findings with respect to the disparate treatment claims before issuing its ruling on the disparate impact claim, taking into consideration all findings by the jury on common factual issues. *See, e.g.*, *Williams v. Boeing Co.*, 225 F.R.D. 626, 640 (W.D. Wash. 2005).

(Pls.' Resp. at 2–3.) The court will rule on this issue at the appropriate time.

### a. Introducing Evidence Regarding Eligibility of Plaintiffs for Punitive Damages in Phase I — Liability Stage — of the Trial

Defendants argue that "entitlement to punitive damages is an individualized inquiry and requires a showing that Defendants acted with malice or reckless disregard towards the rights of particular **individuals**." (Defs.' Reply at 3 [emphasis in original].) Defendants confuse the issue of "the class's eligibility for award of punitive damages" with the issue of "determination of the amount of punitive damages in individual cases." Section "1981a(b)(1) requires plaintiffs to make a . . . 'demonstrat[ion]' of their eligibility for punitive damages." *Wal-Mart Stores*, 187 F.3d at 1245 (citing *Kolstad*, 527 U.S. at 534, 119 S.Ct. at 2124). To demonstrate that an employer is liable for punitive damages, plaintiffs must at least show that the employer discriminated against them "in the face of a perceived risk that its action [would] violate federal law." *Id.* (citing *Kolstad*, 527 U.S. at 536, 119 S.Ct. at 2125). Furthermore, and decisively, "[t]he purpose of punitive damages is not to compensate the victim, but to punish and deter the defendant," and thus the focus of a punitive damages claim is "not on the facts unique to each class member, but on the defendant's conduct toward the class as a whole." *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137, 172 (N.D. Cal. 2004).

Moreover, the Tenth and Ninth Circuits have allowed the same jury to determine defendant's liability and plaintiff's *eligibility* for punitive damages. *Cf. Markham v. Nat'l States Ins. Co.,* 122 Fed. App'x 392, 399 (10th Cir. 2004); *see also Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1190 n.16 (9th Cir. 2007) (explaining that the determination of liability in Phase I includes the determination of liability for punitive damages). A good example of the practice of the district courts is *EEOC v. Dial Corp.*, 259 F. Supp. 2d 710 (N.D. Ill. 2003). In *Dial*, the court bifurcated the trial in an EEOC Title VII action against an employer alleging both pattern or

practice of sexual harassment and individual harassment claims on behalf of a class of female employees. *Id*. at 713. The first jury decided the existence of pattern or practice and eligibility for award of punitive damages to the class. *See id.* Then, the second set of juries decided the amount of compensatory and punitive damages in individual cases. *See id.* Finally, the judge apportioned any punitive damages in accordance with the cap the first jury had put on the award of punitive damages. *See id.*

In addition, the court agrees with Plaintiffs that, in this case, "the evidence required to establish liability for punitive damages significantly overlaps with the evidence necessary to prove a pattern or practice of discrimination." (*See* Pls.' Resp. at 3.) For instance, "evidence concerning Defendants' policies, its adherence to those policies, and the training it provides its employees is all relevant to a finding of punitive damages and is evidence applicable to the entire class and to whether Defendants engaged in a pattern or practice of discrimination." (*Id.* at 4 [citing *Wal-Mart Stores*, 187 F.3d at 1248] [stating that "the extent to which an employer has adopted antidiscrimination policies and educated its employees about the requirements of [federal law] is important in deciding whether it is insulated from vicarious punitive liability"].)[4]

Therefore, the court finds that (1) Defendants' argument that "punitive damage evidence is incompatible with pattern and practice case at liability stage" is without merit, (*see* Defs.'

---

[4] Defendants also claim that Plaintiffs are "judicially estopped from arguing that punitive damages should be introduced during the Phase I liability stage of this matter," because the parties stipulated that "issues of claimant eligibility, damages, and defenses, would occur in Phase II." (Defs. Reply at 2.) Plaintiffs argue that the stipulation addressed "**individual entitlement** to punitive damages." (*Id*. [emphasis in original].) Plaintiffs explain that the "EEOC . . . merely seeks to have the initial jury determine whether Defendants are liable for punitive damages and a total amount. The Phase II jury(ies) will determine whether each individual claimant is entitled to punitive damages." (Pls.' Resp. at 3 n.1) Again, the court finds Plaintiff's explanation the manifestly correct interpretation of the parties' stipulation.

7

Reply at 3,) and (2) the same jury that hears the evidence regarding liability in the pattern or practice of discrimination case is in a better position to determine whether Plaintiffs are entitled to punitive damages.

Finally, Defendants argue that "Due Process mandates that punitive damages evidence be presented during the second stage of the proceedings." (Defs.' Br. at 8.) Defendants generally cite to the Supreme Court decision in *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513 (2003) and state that *Campbell* holds that "due process mandates that any punitive damages award have a reasonable relationship to compensatory damages." (*Id.*) From this, Defendants conclude, through a logic not apparent to this court, that "because the reasonableness of punitive damages can only be assessed after compensatory damages have been calculated [in Phase II], evidence of punitive damages can only come at the second stage." (*Id.*)

Once again, Defendants miss the mark. As mentioned above, the determination of whether Plaintiffs are eligible for punitive damages — in Phase I — is independent from assessing the amount of punitive damages each individual is entitled to, which will take place in Phase II. Therefore, the court finds Defendants' arguments irrelevant. The question of eligibility of Plaintiffs to punitive damages will be presented to the jury in the liability phase (Phase I). The assessment regarding the amount of compensatory and punitive damages will take place in Phase II.

3.  *Conclusion*

Based on the foregoing, it is therefore ORDERED that:

1. DEFENDANTS' motion regarding jury trial issues raised at parties' Preliminary Pretrial conference (# 240) is DENIED. The first issue is MOOT, the second is DENIED on its merits, and the third is PREMATURE.

Dated this 20th day of August, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge